IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGELIO LOPEZ MUNOZ, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| INTERCONTINENTAL TERMINALS § | |
| COMPANY LLC, § | |
| § | |
| Defendant. § | |

## DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
## <u>NOTICE OF REMOVAL</u>

Defendant Intercontinental Terminals Company LLC ("ITC"), incorrectly sued as "Intercontinental Terminal Company, LLC," hereby removes this action from the 11th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

### I.   Introduction

1. On March 22, 2019, Plaintiffs Rogelio Lopez Munoz and Daisy Villanueva, individually and as next friends of E.M., a minor, and Janet Villanueva commenced a civil action against ITC in the 11th Judicial District Court of Harris County, Texas, bearing Cause No. 2019-20985, styled *Rogelio Lopez Munoz, et al. v. Intercontinental Terminal Company, LLC*.[1]

---

[1] Pl. Pet. (Ex. A-1).

2. On April 3, 2019, Plaintiffs filed their First Amended Petition (the "Petition") and joined 50 additional named Plaintiffs to the suit for a total of 54 named Plaintiffs.[2]

3. This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II. Removal is Proper in This Case

**A.     The amount in controversy exceeds $75,000.**

4. It is apparent from the face of the Petition that the amount in controversy exceeds the sum or value of $75,000 per plaintiff, exclusive of interest and costs. Plaintiffs assert a litany of purported causes of action against ITC, including negligence, negligent training, negligence *per se*, gross negligence/malice, nuisance, trespass, strict liability for ultrahazardous activity, vicarious/derivative and joint theories of liability, and *res ipsa loquitor*.[3] Plaintiffs allege that ITC is liable to each of them for one or more of the following categories of damages:

    (i)    conscious physical and mental pain and suffering and anguish, past and future;

    (ii)    loss of enjoyment of life and peace of mind, past and future;

    (iii)    loss of wages/earnings;

    (iv)    loss of enjoyment of real property and homes, and loss/diminution of property value, past and future;

---

[2] Pl. Am. Pet. (Ex. A-2).

[3] Pl. Am. Pet. ¶¶ 67–95 (Ex. A-2).

    (v) reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future; and

    (vi) such other damages as will be shown at trial.[4]

  5. Plaintiffs also seek punitive damages in excess of $2 million and contend that statutory caps under state or federal law should not apply in this instance.[5]  ITC rejects Plaintiffs' contention that exemplary damages are warranted in this matter.  Nevertheless, "[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law."  *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017).  As noted above, Plaintiffs have asserted a gross negligence claim against ITC, among others.  "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted . . . with gross negligence."  *Id.* (quoting *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 757 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

  6. Given Plaintiffs' punitive damages claims and their numerous compensatory damages claims, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

**B. There is complete diversity of citizenship.**

  7. All Plaintiffs were at the time this action was commenced and remain citizens of the State of Texas.[6]

---

[4] *Id.* ¶ 97.

[5] *Id.* ¶¶ 4, 98–101.

[6] Pl. Am. Pet. ¶¶ 7–60 (Ex. A-2).

8. At the time this action was commenced and at present, ITC was and is a Delaware limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ITC's sole member, Mitsui & Co. (U.S.A.), Inc. ("Mitsui USA"), is a New York corporation with its principal place of business in New York, at 200 Park Avenue, New York, NY 10166. For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, Mitsui USA is a citizen of New York; accordingly, ITC is a citizen of New York. *See Harvey*, 542 F.3d at 1080.

9. Because ITC is a citizen of New York and Plaintiffs are citizens of Texas, there is complete diversity between the parties.

### III. The Procedural Requirements for Removal Have Been Satisfied.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of March 29, 2019—the date ITC was served with Plaintiffs' Original Petition.[7]

11. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), ITC is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently

---

[7] Citation (Ex. B-1).

4

pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

13.     Pursuant to Local Rule 81 for the Southern District of Texas, ITC attaches the following indexed documents to this removal:

(i)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

(ii)   All executed process in the case (Exhibit B);

(iii)  All orders signed by the State Judge (Exhibit C);

(iv)   The docket sheet (Exhibit D);

(v)    An index of matters being filed (Exhibit E); and

(vi)   A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

14.     ITC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

### IV.   Conclusion

ITC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

Date:  April 19, 2019

OF COUNSEL:
Michael S. Goldberg
Texas Bar No. 08075800
Federal I.D. No. 01279
Benjamin Gonsoulin
Texas Bar No. 24099682
Federal I.D. No. 2969896
Kelly Hanen
Texas Bar No. 24101862
Federal I.D. No. 3038458
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522
michael.goldberg@bakerbotts.com
ben.gonsoulin@bakerbotts.com
kelly.hanen@bakerbotts.com

Ivan M. Rodriguez
Texas Bar No. 24058977
Federal I.D. No. 4566982
Marc G. Matthews
Texas Bar No. 24055921
Federal I.D. No.  705809
Michael E. Streich
Texas Bar No. 24079408
Federal I.D. No.  1339959
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas  77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
ivan.rodriguez@phelps.com
marc.matthews@phelps.com
michael.streich@phelps.com

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
    Russell C. Lewis
    Attorney-in-Charge
    Texas Bar No. 24036968
    Federal I.D. No. 569523
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone:  (713) 229-1767
    Facsimile:  (713) 229-2867
    russell.lewis@bakerbotts.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

**CERTIFICATE OF SERVICE**

      This certifies that a copy of the above and foregoing was sent by electronic mail to Alan Kolodny and Rashon Murrill, Kolodny Law Firm, PLLC, 1011 August Dr., Suite 111, Houston, Texas 77057, Benjamin R. Roberts, Benjamin R. Roberts Law, PLLC, 440 Louisiana St., Suite 900, Houston, Texas 77002, and R. Bradley O'Neill, The O'Neill Firm, PLLC, 440 Louisiana St., Suite 900, Houston, Texas 77002, on this 19th day of April, 2019.

                                          */s/ Russell C. Lewis*
                                          Russell C. Lewis