United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *IN RE:* INTERCONTINENTAL TERMINALS COMPANY LLC DEER PARK FIRE LITIGATION | § § § § § § § § § § § § § § § § § § § § § § § § | Lead Case No. 4:19-cv-1460<br><br>Related Case Nos.<br><br>4:19-cv-1424; 4:19-cv-1428;<br>4:19-cv-1430; 4:19-cv-1431;<br>4:19-cv-1433; 4:19-cv-1434;<br>4:19-cv-1436; 4:19-cv-1440;<br>4:19-cv-1443; 4:19-cv-1444;<br>4:19-cv-1447; 4:19-cv-1450;<br>4:19-cv-1452; 4:19-cv-1453;<br>4:19-cv-1457; 4:19-cv-1459;<br>4:19-cv-1461; 4:19-cv-1708;<br>4:19-cv-1882; 4:19-cv-1886;<br>4:19-cv-1887; 4:19-cv-1890;<br>4:19-cv-2419; 4:19-cv-2425;<br>4:19-cv-2429; 4:19-cv-2674;<br>4:19-cv-2775; 4:19-cv-3457;<br>4:19-cv-3594; 4:19-cv-3609;<br>4:19-cv-4051; 4:19-cv-5029;<br>4:20-cv-0019; 4:20-cv-0036;<br>4:20-cv-0212; 4:20-cv-0119;<br>4:20-cv-0216 |

**CASE MANAGEMENT AND SCHEDULING ORDER PART II**

**I.     Introduction**

This case arises from a March 17, 2019 fire that began in one of the tank farms at Intercontinental Terminals Company LLC's ("ITC") Deer Park facility and burned for several days thereafter. Multiple lawsuits were filed following this incident. To date, 37 lawsuits have been consolidated into this action at least for pretrial purposes. Three of the lawsuits in this consolidated proceeding are styled as putative class actions, with named plaintiffs filing suit on behalf of variously described classes. As for the remaining lawsuits, most have been filed on behalf of individuals seeking recovery for a range of personal injuries, property damage, and economic harm allegedly resulting from the incident, and

the others involve business claimants that have operations or facilities in the vicinity of ITC's Deer Park facility and claim impacts to their business operations as a result of the fire.

Judge Hoyt held an initial scheduling conference in this consolidated proceeding on July 29, 2019 and thereafter issued the Initial Case Management Order (DE 46). Pursuant to that order, the initial phase of discovery was dedicated to conducting the discovery necessary to identify potential additional parties, along with the development and completion of Plaintiff fact sheets for named Plaintiffs. On November 4, 2019, Judge Hoyt referred these proceedings to the undersigned pursuant to 28 U.S.C. § 636(a) to manage discovery, pretrial, and motions.

On January 17, 2020, this Court held a joint status conference with the Parties to discuss the next phase of the litigation and heard arguments from Counsel for Plaintiffs and Defendants on how this case should proceed. During a hearing held on January 24, 2020, the Court provided further instructions to the Parties related to the scheduling for these proceedings and ordered the Parties to submit an agreed order for the Court's consideration by January 29, 2020.

## II.     Scheduling Order

Based on the Parties' submission, the Court's orders the following schedule for the next phase of this litigation:

### A.     Discovery, Joinder, and ADR Schedule

| Event | Date/Deadline |
| --- | --- |
| Deadline for All Currently Named Plaintiffs to Serve Initial Disclosures and Commence General Liability Phase of Fact Discovery | February 3, 2020 |
| Deadline for All Currently Named Plaintiffs to Serve Fact Sheets | March 23, 2020 |
| Deadline to Join Additional Parties (Both Plaintiff and Defendant) | May 21, 2020 |
| Deadline to Conduct Initial Mediation | November 9, 2020 |
| Close of General Liability Phase of Fact Discovery | January 29, 2021 |
| Status Conference to Discuss: Additional Fact Discovery, including Plaintiff-Specific Discovery; Expert Discovery; Selection of Trial Plaintiffs; and Other Matters | January 15, 2021 |

B. **Class Certification Schedule**

| Event | Date/Deadline |
|---|---|
| Deadline to Join Additional Parties and Move for Leave to file Amended Pleadings | May 21, 2020 |
| Deadline to Conduct Mediation | November 9, 2020 |
| Close of Fact Discovery | January 29, 2021 |
| Plaintiffs' Expert Disclosures | February 26, 2021 |
| Defendants' Expert Disclosures | March 26, 2021 |
| Plaintiffs' Deadline for Expert Rebuttal Reports | April 30, 2021 |
| Class Certification Motions Filed on | June 25, 2021 |
| Response to Motion for Class Certification | July 8, 2021 |
| Reply in Support of Motion for Class Certification | July 15, 2021 |
| Status Conference | To be set by Court |

III. **Discovery Limitations and Other Case Management Matters**

A. **Written Discovery**

*Written Discovery by Plaintiffs.* During this phase of discovery, Plaintiffs are collectively limited to serving a total of fifty (50) interrogatories to ITC, which number shall include interrogatories, if any, directed to any individual ITC officers, directors, or employees that may be individually named as a defendant in this litigation. Absent further Court order, written discovery, whether seeking information from ITC or its officers, directors, or employees, shall be served on ITC. Plaintiffs are also collectively limited to serving fifty (50) interrogatories to any other defendant joined in this litigation. Plaintiffs can serve requests for production and requests for admission in accordance with the Federal Rules of Civil Procedure and the limitations set forth herein. Any written discovery must be served by Co-Lead Counsel for Plaintiffs and will be for the benefit of and made

available to all Plaintiffs in all cases consolidated into this matter, whether currently consolidated or added later and whether asserting claims individually or on behalf of a putative class, provided they agree to comply with the Stipulation and Protective Order (DE 70) in this case.

*Written Discovery by Defendants.* During this phase of discovery, Defendants' written discovery efforts will be limited to (1) collection and review of Plaintiff fact sheets, and (2) discovery directed to class representatives.

*Non-Party Written Discovery.* The limitations set forth in the preceding paragraphs do not apply to non-party written discovery. The Parties can conduct non-party written discovery in accordance with the Federal Rules of Civil Procedure during this phase of discovery.

### B. Oral Depositions

*Depositions by Plaintiffs.* During this phase of discovery, Plaintiffs shall be collectively limited to noticing a total of thirty (30) depositions of Parties and non-parties. Because this order is early in the litigation, Plaintiffs may seek leave to take additional depositions if they later determine that additional depositions are needed.

*Depositions by Defendants.* During this phase of discovery, Defendants shall be collectively limited to noticing (1) the depositions of the proposed class representatives for any putative class that is currently consolidated into this proceeding or is hereafter consolidated, and (2) ten (10) depositions of non-parties. Because this order is early in the litigation, Defendants may seek leave to take additional depositions if they later determine that additional depositions are needed.

*Class* Certification *Expert Depositions.* The limitations set forth in the preceding paragraphs shall not apply to expert depositions related to class certification issues.

*Conducting Depositions.* Depositions in this matter, whether noticed by Plaintiffs or Defendants, shall be conducted as follows:

> (a) *Attendance.* Depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or a representative of a party, counsel for the deponent, and experts retained by any Party. Unnecessary attendance by any of the above is discouraged and may not be compensated in any fee application to the Court. Plaintiffs' counsel are instructed to work cooperatively with one another to avoid unnecessary attendance at depositions.

    (b) *Examination*. Counsel for each side may designate up to three (3) attorneys to conduct the examination of the deponent. For Plaintiffs, up to two (2) examiners will be selected by counsel representing individual Plaintiffs and the other will be selected by class counsel.

    (c) *Scheduling and Length*. Depositions will be scheduled on mutually agreeable dates as determined by the Parties. Fact depositions may not exceed seven (7) hours and corporate representative depositions may not exceed eight (8) hours, provided only three (3) corporate representative depositions of ITC on discrete topics are noticed by Plaintiffs. Class expert depositions may not exceed ten (10) hours. The Parties may seek leave to alter these limitations based on particular circumstances.

    (d) *Subsequent Depositions*. Absent good cause, no witness may be deposed more than once, except where a witness is both a fact witness and designated as a corporate representative.

    (e) *Use of Depositions.* Depositions taken in this consolidated proceeding will be taken for the benefit of all Parties in all cases consolidated into this matter, whether currently consolidated or added later, and can be used in accordance with the Federal Rules of Civil Procedure in any consolidated case.

### C. Fact Sheets

As set forth above in the scheduling order, all currently named Plaintiffs must serve their completed fact sheets, including all required authorizations and document productions, if applicable, no later than March 23, 2020. If additional cases are consolidated into this proceeding following the date of this order, the Plaintiffs in those newly consolidated cases shall complete and serve on Defendants their fact sheets within sixty (60) days of the date of consolidation.

### D. Later Filed Cases

This order, along with all prior case management and related orders, shall apply to all cases consolidated into this proceeding following the date of this order. Within seven (7) days of a case being consolidated into this proceeding, counsel for ITC shall provide to counsel for the Plaintiffs in that action (1) a copy of this order, (2) a copy of the order establishing the Plaintiffs' leadership structure (DE 99), and (3) a copy of the applicable Plaintiff fact sheet.

Signed on February 24, 2020.

                                        _____
                                        Dena Hanovice Palermo
                                        United States Magistrate Judge