IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *IN RE:* INTERCONTINENTAL TERMINALS COMPANY LLC DEER PARK FIRE LITIGATION | Lead Case No. 4:19-cv-01460<br><br>Related Case Nos.<br><br>4:19-cv-01424; 4:19-cv-01428;<br>4:19-cv-01430; 4:19-cv-01431;<br>4:19-cv-01433; 4:19-cv-01434;<br>4:19-cv-01436; 4:19-cv-01440;<br>4:19-cv-01443; 4:19-cv-01444;<br>4:19-cv-01447; 4:19-cv-01450;<br>4:19-cv-01452; 4:19-cv-01452;<br>4:19-cv-01453; 4:19-cv-01457;<br>4:19-cv-01459; 4:19-cv-01461;<br>4:19-cv-05029; 4:20-cv-00036;<br>4:20-cv-00212; 4:20-cv-00119;<br>4:20-cv-00216 |

<u>Total Petrochemicals & Refining USA, Inc., and Total Specialties USA, Inc.'s
Initial Disclosures</u>

Plaintiffs Total Petrochemicals & Refining USA, Inc., and Total Specialties USA, Inc. (together, "Total") continue to object to the jurisdiction of this Court given the improper removal of this action by Defendants. Total also reserves its right to supplement these disclosures if discovery progresses in this Court. Total does not waive its rights to contest this Court's jurisdiction by complying with this Court's order to serve Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

1

Dated: March 6, 2020

Respectfully Submitted,

SUSMAN GODFREY LLP

/s/ Shawn L. Raymond
Shawn L. Raymond
Texas Bar No. 24009236
sraymond@susmangodfrey.com
Erica W. Harris
State Bar No. 00797697
eharris@susmangodfrey.com
Michael C. Kelso
Texas Bar No. 24092617
mkelso@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Counsel for Total Petrochemicals & Refining USA, Inc., and Total Specialties USA, Inc.

## Certificate of Service

I certify that on March 6, 2020, a true and correct copy of this document was filed electronically with the Court and was served electronically on all counsel of record via the Court's CM/ECF system.

/s/ Shawn L. Raymond
Shawn L. Raymond

Counsel for Total Petrochemicals & Refining USA, Inc. and Total Specialties USA, Inc.

## INITIAL DISCLOSURES

26(a)(1)(A).   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

As of yet, unknown ITC employees with knowledge of the Incident, including but not limited to events leading up to the Incident; causes of the Incident; responses to the Incident; policies and the development thereof related to prevention of accidental releases, process hazard identification, and fire response; and damage to surrounding properties as a result of the Incident.

Total Employees

- Ghazi Shahin
  Vice President, Industrial – Americas
  Mr. Shahin has knowledge of the Incident, Total's response to the Incident, and Total's damages resulting from the Incident.

- Keith Kelly
  Plant Manager, La Porte plant
  Mr. Kelly has knowledge of the Incident, Total's response to the Incident, and Total's damages resulting from the Incident.

- Sheri Reynolds
  Business Analyst
  Ms. Reynolds has knowledge of Total's damages resulting from the Incident.

- Peter Egan
  Vice President, Special Fluids
  Mr. Egan has knowledge of the Incident, Total's response to the Incident, and Total's damages resulting from the Incident.

- Cyrille Bodin
  Pilotage and Process Optimization Manager
  Mr. Bodin has knowledge of the Incident, Total's response to the Incident, and Total's damages resulting from the Incident.

The above Total Employees may be contacted through Total's counsel of record above.

26(a)(1)(B).   A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and

3

that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Documents reflecting Total's response to the Incident made the subject of this lawsuit and damages resulting therefrom. Such documents are located in Houston, Texas, and will be provided after a protective order has been signed by all parties and defendants produce their initial disclosure documents.

26(a)(1)(C). A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Total claims at least $31,614,891.00 in damage, including the following categories of damages:

- $23,660,249 in lost production at the La Porte plant.
- $4,281,394 for other expenses at the La Porte plant, including but not limited to the destruction of Total's quick attack truck, ride-out crew expenses, incremental medical expenses, water filters, industrial hygiene benzene badges and testing, and increased maintenance and repair to equipment resulting from repeated start-ups and shut-downs forced by the incident.
- $497,440 for wages for employees and independent contractors who were unable to work due to the incident and expenses related to shelter in place for employees at work.
- $1,034,514 for lost production and sales of Total's Port Arthur refinery.
- $1,002,218 and $435,341 for demurrage costs incurred by Total's Base Chemicals division and Total's Refining, Supply Trading and Optimization division, respectively.
- $447,364 for lost production and sales and demurrage and shipping incurred by Total Specialties USA, Inc.
- $156,372 for increased costs for barge detention for Total's Port Arthur ethane cracker.
- $100,000 for the expense of having a financial consultant assess damages.

Documents will be provided after a protective order has been signed by all parties and defendants produce their documents.

To the extent Total claims additional damages, those damages will be the subject of expert testimony, and this response will be supplemented to reflect such evidence.

4

26(a)(1)(D).   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

## ASSERTED PRIVILEGES

Nothing contained in this disclosure in any way waives any privileges that will be asserted in this lawsuit.  Specifically, Total reserves the right to assert such privileges as attorney-client, attorney work product, proprietary and confidential information, and any other applicable privilege or exemption.

## SUPPLEMENTAL DISCLOSURE

Total reserves the right to supplement these Initial Disclosures if additional information which bears significantly on any claim or defense becomes known to it.  Total further reserves the right to supplement these Initial Disclosures if it or Defendants amends their respective pleadings.