UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: INTERCONTINENTAL TERMINALS COMPANY LLC DEER PARK FIRE LITIGATION | § § § | LEAD CASE NO. 4:19-CV-01460 |

**KIRBY INLAND MARINE, LP'S MOTION FOR RECONSIDERATION,
AND SUBJECT THERETO,
RESPONSE TO INTERCONTINENTAL TERMINALS COMPANY LLC'S
<u>OPPOSED MOTION TO CONSOLIDATE</u>**

TO THE HONORABLE KENNETH HOYT:

Plaintiff Kirby Inland Marine, LP ("Kirby") files this Motion for Reconsideration, and Subject Thereto, Response to Intercontinental Terminals Company LLC's Opposed Motion to Consolidate, and would respectfully show the Court as follows:

## I. INTRODUCTION

On February 6, 2020, Kirby filed suit against Intercontinental Terminals Company LLC ("ITC"), CIMA Services, LP ("CIMA"), Intercontinental Terminals Management Company ("ITMC"), and Instrumentation & Electrical Specialists, L.L.C. ("IES") in the 295th District Court of Harris County, Texas, seeking damages arising from the ITC Deer Park Fire on March 17, 2019 (hereinafter referred to as "Kirby's case").[1]

ITC removed Kirby's case to federal court on the basis of diversity jurisdiction,[2] and Kirby timely filed a Motion to Remand because the Court does not have subject matter jurisdiction over

---

[1] *See* Kirby Inland Marine, LP's Original Pet. filed as No. 2020-08656, *Kirby Inland Marine, LP v. Intercontinental Terminals Company LLC, et al.*, in the 295th Judicial District Court, Harris County, Texas, attached hereto as "Ex. A."

[2] ECF No. 1 (Kirby's Case), Def. Intercontinental Terminals Co. LLC's Notice of Removal, attached hereto as "Ex. B."

Kirby's case as complete diversity of citizenship does not exist among the parties.[3] The Motion to Remand is currently pending with a docket date of April 24, 2020.

ITC then filed an Opposed Motion to Consolidate Kirby's case into the *Munoz* consolidated action[4] for all pretrial purposes.[5] The Court granted ITC's motion on April 7, 2020,[6] in advance of the April 20, 2020 docket date and Kirby's deadline to respond.

As set forth below, Kirby asks this Court to reconsider its order on ITC's Motion to Consolidate because Kirby has not been served with the motion and hereby files this timely response. Further, ITC's motion should be denied because the Court does not have subject matter jurisdiction over Kirby's case and consolidation would prejudice the rights of Kirby.

## II.     ARGUMENT AND AUTHORITIES

**A.     Reconsideration of the order on ITC's Motion to Consolidate is necessary because Kirby has not been served with the motion and Kirby's response is timely**

On a party's "motion and just terms, the court may relieve a party . . . from a[n] . . . order" because of mistake, inadvertence, or "any other reason that justifies relief."[7] Here, Kirby asks the Court to reconsider its order on ITC's Motion to Consolidate because Kirby has not been served with the motion and Kirby's response is timely.

---

[3] ECF No. 16 (Kirby's Case), Plf. Kirby Inland Marine, LP's Mot. to Remand, attached hereto as "Ex. C."
[4] *Munoz, et. al. v. Intercontinental Terminals Co.*, C.A. No. 4:19-cv-01460 (Judge Hoyt).
[5] ECF No. 258, Def. Intercontinental Terminals Co. LLC's Opposed Mot. to Consolidate.
[6] ECF No. 17, Order Granting Intercontinental Terminals Co.'s Mot. to Consolidate.
[7] Fed. R. Civ. P. 60(b)(1), (6). "The court may [also] correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order . . . ." Fed. R. Civ. P. 60(a). ECF No. 17, Order Granting Intercontinental Terminals Co.'s Mot. to Consolidate, references Dkt. No. 261, which is a later-filed unopposed motion to consolidate, and may simply be a clerical error.

> i. **The Court's order warrants reconsideration because ITC failed to serve Kirby with its Motion to Consolidate**

The Federal Rules of Civil Procedure and Local Rules require service of a written motion on a party's attorney.[8] Electronic service may be effected by "sending [the motion] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."[9]

A motion "must have at the end a certificate reflecting how and when service has been made . . . ."[10] "The Court may deny a motion because no certificate of service was attached to it,"[11] and an attestation that a movant properly served a motion does not establish that proper service was made.[12]

Here, ITC filed its motion in the *Munoz* consolidated action, and the Certificate of Conference filed therewith stated that ITC sent a copy of the motion to counsel for Kirby by electronic mail on March 30, 2020.[13] However, counsel for Kirby were never served by electronic mail or otherwise,[14] nor did counsel for Kirby consent to service by electronic mail.

ITC's purported service by electronic mail was not effective because it did not reach counsel for Kirby, and if it had, it would not be effective because counsel for Kirby did not consent

---

[8] Fed. R. Civ. P. 5(a)(1)(D), (b)(1); S.D. Tex. LR 5.5.
[9] Fed. R. Civ. P. 5(b)(2)(E).
[10] S.D. Tex. LR 5.3; *see also* Fed. R. Civ. P. 5(d)(1)(B)(i) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system. When a paper that is required to be served is served by other means . . . if the paper is filed, a certificate of service must be filed with it . . . .").
[11] *Pritchard v. Cty. of Erie*, NO. 04CV534C, 2005 WL 8173546 at *1, n.4 (W.D.N.Y. Sept. 26, 2005) (citing *Evans v. Port Auth.*, 246 F. Supp. 2d 343, 344 (S.D.N.Y. 2003)).
[12] *Marbly v. Home Props.*, 183 F. Supp. 2d 950, 954 (E.D. Mich. 2002) (finding that movant failed to make proper service of motion for summary judgment and file accurate certificate of service (citing Fed. R. Civ. P. 5(d)).
[13] ECF No. 258 at 8–9.
[14] Kirby is not a party to the *Munoz* consolidated action, so counsel for Kirby did not receive the motion through the court's electronic-filing system either.

to service in this manner. Therefore, the Court should reconsider the order granting ITC's Motion to Consolidate because ITC failed to serve Kirby.

    **ii. Kirby has timely filed a response to ITC's motion**

Pursuant to the Local Rules, "[o]pposed motions will be submitted to the judge 21 days from filing,"[15] and a response "[m]ust be filed by the submission day."[16]

Counsel for Kirby advised counsel for ITC that it opposed consolidation.[17] ITC filed its Opposed Motion to Consolidate on March 30, 2020 with a Certificate of Conference indicating that Kirby is opposed,[18] and the Court set the motion for submission on April 20, 2020. Therefore, Kirby's response filed on April 17, 2020 is timely and should be considered by the Court.

Kirby respectfully requests that the Court reconsider its order on ITC's Opposed Motion to Consolidate for the foregoing reasons.

    **B. Consolidation of Kirby's case is improper**

In response to ITC's Motion to Consolidate, Kirby would respectfully show that the Court may not consolidate Kirby's case with the *Munoz* consolidated action because the Court does not have subject matter jurisdiction over Kirby's case, in addition to the prejudice to Kirby's rights that would result from consolidation.

---

[15] S.D. Tex. LR 7.3.
[16] S.D. Tex. LR 7.4(A).
[17] Mar. 25, 2020 email between J. Alan Harrell and George T. Shipley attached hereto as "Ex. D."
[18] ECF No. 258 at 8.

4

      **i.     Consolidation is improper because the Court does not have subject matter jurisdiction over Kirby's case**

Federal Rule of Civil Procedure 42(a) only allows for consolidation of "actions *before the court*."[19] As a threshold matter, "[a] court must have jurisdiction to decide a case,"[20] and the Fifth Circuit recently held that consolidation is not appropriate if a lawsuit lacks a basis for federal jurisdiction.[21]

The Southern District of Texas has specifically addressed the consolidation of a case that had been improperly removed from state court.[22] In doing so, it held that the removal of the state court action was improper and explained that "[b]ecause the removal was improper, this [c]ourt's consolidation order was also improvident."[23] The case was not subject to consolidation because it was not "'pending before the court.'"[24] The court granted the motion to reconsider consolidation and motion to remand, in addition to severing the remanded case from the consolidated action.

The same issue presents itself in the instant case. Kirby's Motion to Remand, attached hereto and incorporated herein by reference, explains why the Court does not have subject matter jurisdiction over Kirby's case as there is not complete diversity of citizenship among the properly joined Defendants.[25] Because diversity jurisdiction does not exist, Kirby's case is not an action

---

[19] Fed. R. Civ. P. 42(a) (emphasis added); *Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.,* 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002) ("Fed.R.Civ.P. 42(a) authorizes consolidation only '[w]hen actions involving a common question of law or fact are *pending before the court* . . . .'") (alterations in original); *see also ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015) ("Federal Rule of Civil Procedure 42(a) allows consolidation only of 'actions *before* the court.'") (alteration in original).
[20] *IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, LLC*, 945 F.3d 232, 238 (5th Cir. 2019) (*overruled on other grounds*).
[21] *Id.* at 245.
[22] *Mourik Int'l B.V.*, 182 F. Supp. 2d 599.
[23] *Id.* at 602.
[24] *Id*. (quoting Fed. R. Civ. P. 42(a); *see also ACR Energy Partners, LLC*, 309 F.R.D. at 194–95 ("[A]n action that has allegedly been improperly removed . . . fails to constitute an action '"before the court"' for purposes of consolidation.") (citing *Eagle Vista Equities, LLC v. Vielma,* No. LA CV151452, 2015 WL 1600704, at *2 (C.D. Cal. Apr. 8, 2015); *Mourik*, 182 F. Supp. 2d 599 at 602 (same); *United States v. Brandt Constr. Co.,* 826 F.2d 643, 647 (7th Cir. 1987) (finding that an improperly removed case is not "pending before" the district court for purposes of Rule 42(a) consolidation)).
[25] Ex. C.

pending before this Court, so it is not appropriate for consolidation. ITC's motion must be denied on this basis alone.

### ii. Consolidation of Kirby's case would prejudice Kirby's ability to conduct meaningful discovery

Separate from the jurisdictional issue, factors to consider in deciding whether to consolidate cases include the risk of prejudice or confusion versus the risk of inconsistent adjudications, and whether there are common parties.[26] Primarily at issue here is the risk of prejudice to Kirby.

Consolidation of an action is improper "'if it would prejudice the rights of the parties.'"[27] Examples of when consolidation would be improper include when "cases [are] at different stages of preparedness for trial,"[28] when the appointment of lead counsel would result in a conflict of interests between plaintiffs,[29] and when one plaintiff needs to designate experts and take depositions that are not needed by other plaintiffs.[30]

Here, Kirby would be prejudiced by consolidation because the lead case in the consolidated action has been pending since March 22, 2019[31]—nearly a year longer than Kirby's case filed on February 6, 2020.[32] The parties in the consolidated action have a case management order and have

---

[26] *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).
[27] *Id.* (quoting *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983)).
[28] *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990.
[29] *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195, 198 (5th Cir. 1966).
[30] *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (finding that survivors of air crash victim were not entitled to consolidate their products liability action against aircraft manufacturer with action brought by survivors of other victim; one set of survivors were ready for trial while others sought to designate additional experts and depose additional employees of aircraft manufacturer).
[31] ECF No. 258 at n.1.
[32] Ex. A.

begun discovery.[33] Some of the deadlines under the case management order have already passed, and lead counsel and steering committees have already been appointed.[34]

Second, Kirby's petition names two Defendants—CIMA and IES—that are not parties to the consolidated action. Under the case management order, the consolidated plaintiffs are collectively limited to a total of 30 depositions of parties and non-parties without leave of court.[35] It is highly unlikely that the consolidated plaintiffs would allocate a portion of these limited depositions for Kirby to conduct the necessary depositions of representatives of CIMA and IES. This same issue would arise in expert discovery. In fact, any discovery related to these Defendants would not be of interest—much less a priority—to the other litigants, which prejudices Kirby's right to develop its case against CIMA and IES.

Because Kirby's ability to conduct meaningful discovery would be prejudiced by consolidation, the Court should deny ITC's Motion to Consolidate.

## CONCLUSION

Kirby Inland Marine, LP respectfully requests that the Court reconsider its order on Intercontinental Terminals Company LLC's Opposed Motion to Consolidate because counsel for Kirby has not been served with the motion and this response is timely, and deny the motion because the Court does not have subject matter jurisdiction over Kirby's case and consolidation would prejudice the rights of Kirby. WHEREFORE, premises considered, Kirby Inland Marine, LP prays that this Court grant its Motion for Reconsideration, deny Intercontinental Terminals Company LLC's Motion to Consolidate, and for all other relief to which it is justly entitled.

---

[33] ECF No. 214, Case Management and Scheduling Order Part II.
[34] ECF No. 223, First Am. Order Regarding Leadership Structure.
[35] ECF No. 214 at 4.

Respectfully submitted,

SHIPLEY SNELL MONTGOMERY LLP

By: /s/ *George T. Shipley*
    George T. Shipley
    State Bar No. 18267100
    Federal ID No. 02118
    712 Main Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 652-5920
    Facsimile: (713) 652-3057
    gshipley@shipleysnell.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
KIRBY INLAND MARINE, LP

OF COUNSEL:

Brooksie Bonvillain Boutet
Texas Bar No. 24097400
Federal ID No. 2789069
SHIPLEY SNELL MONTGOMERY LLP
712 Main Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057
bboutet@shipleysnell.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 17th day of April, 2020 with a copy of the above document via the court's CM/ECF System per Local Rule 5.1.

                                            /s/ *George T. Shipley*
                                            George T. Shipley