United States District Court
Southern District of Texas
**ENTERED**
August 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| *IN RE*: INTERCONTINENTAL | § | |
| TERMINALS COMPANY, LLC | § | Lead Case No. 4:19-cv-1460 |
| DEER PARK FIRE LITIGATION | § | |
| | § | |

## REPORT AND RECOMMENDATION

Pending before the Court[1] is Plaintiffs' Consolidated Motion for Leave to Amend Complaints Adding Non-Diverse Defendants and Remand, ECF No. 156.[2] Based on a review of the record and the argument of counsel, the Court recommends that the motion be denied.

## I.   BACKGROUND

These consolidated cases arise from a March 17, 2019 fire that began in one of the tank farms at Defendant Intercontinental Terminals Company, LLC's ("ITC") Deer Park facility. Plaintiffs allege that fire caused large amounts of toxic and volatile chemicals to contaminate the air and waterways across the Houston metropolitan area, disrupting daily life in communities near the terminal.

Multiple suits were filed against Defendant ITC and others in Texas state court

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636. Order, ECF No. 112. Plaintiffs' motion for leave to amend and remand is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Defendant ITC filed a response in opposition. ECF No. 163. Plaintiffs filed replies. ECF Nos. 168 & 169.

1

following the fire. Defendant ITC removed those actions to this court, claiming federal subject-matter jurisdiction based on diversity of citizenship among the parties. *See, e.g.,* Notice of Removal, ECF No. 1. In a series of orders, the district judge consolidated those actions along with other similar cases that were originally filed in federal court for pretrial purposes. Orders, ECF Nos. 9, 14, 29, 33, 34, 46, 53, 109.[3] Based on the agreement of the parties, the district judge set several case management deadlines, including a deadline for ITC to identify all third-parties who performed work on the relevant tank, for the parties to engage in discovery to identify any potential additional parties, and for parties to amend pleadings and add parties. Order, ECF No. 46.

On December 16, 2019, Plaintiffs filed the instant motion, which seeks leave of court to amend to add two business entities, CIMA Services, LP ("CIMA") and Instrumentation & Electrical Specialists, LLC ("IES"), as defendants in several of the member cases.[4] ECF No. 156 at 2 & 5. It is undisputed that CIMA and IES are both citizens of Texas and that their presence as defendants would destroy this court's subject-matter jurisdiction over the affected member cases. *Id;* ECF No. 163

---

[3] The Court has continued to consolidate cases after Plaintiffs' motion to amend and remand was filed.

[4] Not all Plaintiffs joined in the motion for leave to amend and remand. Plaintiffs in only 25 of the consolidated cases joined in this motion to amend and remand. Chart, ECF No. 156-1 (identifying each Plaintiff or lead Plaintiff, original federal court case number, the state court case number, and each Plaintiff's amended complaint attached as a separate exhibit).

at 2. Plaintiffs also seek remand of these cases to the state courts from which they were removed. ECF No. 156 at 2. Defendants oppose the motion to amend, arguing that Plaintiffs' purpose is to destroy diversity jurisdiction. ECF No. 163 at 1.

## II. HENSGENS' FOUR FACTOR TEST CONTROLS WHETHER THE COURT SHOULD GRANT LEAVE TO FILE A DIVERSITY DESTROYING AMENDED COMPLAINT

In cases removed to federal court on diversity grounds, § 1447(e) controls the determination of leave to amend that would destroy jurisdiction. *Murphy v. Sterline Jewelers Inc.*, No. 5:17-cv-662, 2018 WL 7297905, at *6 (W.D. Tex. Feb. 13, 2018) (citing *Gallegos v. Safeco Ins. Co.*, No. 4:09-cv-2777, 2009 WL 4730570, at *2 (S.D. Tex. 2009)). It provides that,

> '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court."

28 U.S.C. § 1447(e). "The decision to grant leave to amend to add parties that will destroy jurisdiction is within the district court's sound discretion." *Wasiq v. Concentra, Inc.*, No. 4:19-cv-912, 2019 WL 3321894, at *6 (S.D. Tex. May 14, 2019) (citing *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) and *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 764, 770 (S.D. Tex. 2016)); *Gallegos*, 2009 WL 4730570, at *2. The court must scrutinize that amendment more closely than an ordinary amendment under Rule 15(a). *Wasiq*,

2019 WL 3321894, at *6 (citing *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 185

(5th Cir. 2018)).

The decision whether to grant or deny Plaintiffs' motion should start with the

four-factor framework the Fifth Circuit set forth in *Hensgens*:

> [J]ustice requires that the district court consider a number of factors to
> balance the defendant's interests in maintaining the federal forum with
> the competing interests of not having parallel lawsuits. For example,
> the court should consider [1] the extent to which the purpose of the
> amendment is to defeat federal jurisdiction, [2] whether plaintiff has
> been dilatory in asking for amendment, [3] whether plaintiff will be
> significantly injured if amendment is not allowed, and [4] any other
> factors bearing on the equities.

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). If this Court were

to permit joinder of CIMA and/or IES, it would have to remand the affected actions

to the state courts from which Defendants removed them. 28 U.S.C. § 1447(e);

*accord Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[T]he court

may not permit joinder of non-diverse defendants but then decline to remand.").

### A. *Hensgens* Factor One: Purpose to Defeat Federal Jurisdiction.

The first *Hensgens* factor requires consideration of "the extent to which the

purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at

1182. This factor "is often deemed the most important, as '[j]urisdiction is not so

malleable that [p]laintiffs can creatively forum shop through manipulation of the

Rules.'" *See Ragar Transp. v. Lear Corp.*, No. 5:15-cv-223, 2016 U.S. Dist. Lexis

189189, at *7 (S.D. Tex. Sept. 29, 2016) (citations omitted). In assessing this factor,

"courts take into account considerations such as whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei*, 198 F. Supp. 3d at 770.

### 1.  *Plaintiffs did not know of CIMA's or IES's identity before filing suit.*

Plaintiffs state they did not know at the time the state court suits were filed that CIMA and IES had performed work on the tank where the fire originated. ECF No. 168 at 8. Plaintiffs learned of CIMA's and IES's potential liability for work they performed on Tank 80-8 from ITC's disclosures and third-party discovery in this consolidated federal action. *Id.* ITC does not challenge Plaintiff's lack of pre-suit knowledge of CIMA or IES. ECF No. 163 at 12 (asserting that Plaintiffs knew of Alice Richardson and Intercontinental Terminals Management Company ("ITMC") prior to removal, but making no such claim regarding CIMA or IES).[5] This consideration suggests no purpose to defeat jurisdiction.

---

[5] Defendants complain that four of the amended complaints Plaintiffs attached to their motion added non-diverse defendants for which the motion does not seek leave. ECF No. 163 at 3 (the non-diverse defendants in those complaints include Richardson, ITMC, 24 HR Safety, LLC, Dooley Tackaberry, Inc., Metro Fire Apparatus Specialists, Inc., US Fire Pump Company, LLC, and T&T Marine Salvage Inc.). Plaintiffs may not add parties who would destroy diversity without first seeking leave of court. *Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *1 n.1, *2 (S.D. Tex. Jan. 5, 2004). The Shephard Plaintiffs attempted to correct this error in their reply, ECF No. 169; however, a party may not raise new grounds for their motion for relief in the reply. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) ("a movant should not be permitted to cure by way of reply what is in fact a defective motion."). Furthermore, because Plaintiffs failed to seek leave to amend with respect to these non-diverse parties before the Court-ordered amendment deadline, they cannot be added without a showing of good cause. Rule 16(b)(4). The Shephard Plaintiffs made no such showing here. Also,

## 2. *Plaintiffs fail to state a valid claim for relief against CIMA or IES.*

"Courts recognize that 'when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction.'" *Agyei*, 198 F. Supp. at 771; *accord Wasiq*, 2019 WL 3321894, at*7. Thus, courts examine whether plaintiff's cause of action is "facially valid" or "valid as a matter of law," recognizing that a claim is not likely valid if it "face[s] significant legal obstacles." *Agyei*, 198 F. Supp. at 771.

Plaintiffs assert claims against CIMA and IES based on negligence. Plaintiffs' proposed amended complaints fail to state facially valid claims against CIMA or IES. Under Texas law, a negligence claims requires a plaintiff to show that: "(1) defendant owed a duty to plaintiff, (2) a breach of that duty, and (3) the breach proximately caused [plaintiffs'] damages." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-3435, 2016 WL 3745953, at *6 (S.D. Tex. July 13, 2016).[6]

---

the district judge has already ruled against remand based on Richardson's presence and denied at least one attempt to add ITMC. *See, e.g.,* Order, ECF No. 21 (denying amendment to add ITMC as a defendant), Order, ECF No. 23 (denying remand based on presence of non-diverse defendant Richardson). Amending to add known parties as defendants, particularly after the Court already ruled against similar motions earlier in this litigation, suggests a purpose to defeat jurisdiction. *See Ragar*, 2016 U.S. Dist. Lexis 189189, at *8; *Irigoyen*, 2004 WL 398553, at *3.

[6] Plaintiff has also alleged gross negligence against CIMA and IES.

> Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 927, 921 (Tex. 1998). Plaintiffs have failed to allege any facts that show CIMA or IES had actual awareness of the risk involved.

Defendant concedes that the fire originated in the vicinity of Tank 80-8's manifold area. ECF No. 163 n. 2. Defendant also does not dispute that CIMA performed work on the butane injection system associated with Tank 80-8 in 2015 through early 2106. *Id.* at 7. In support of their claims against CIMA, Plaintiffs allege that:

> CIMA failed to install piping of adequate quality to safely inject and mix butane with naphtha within the Tank 80-8 manifold and seals; and
>
> CIMA failed to adequately inspect and test the piping installed on Tank 80-8 to ensure that it was safe for its intended use.

ECF No. 156 at ¶ 14. Plaintiffs further contend that each of these acts were negligent, proximately causing Plaintiffs' damages. *Id.* Even assuming these acts define the duty and breach, Plaintiffs have not alleged any facts in their proposed complaints that would show that these acts were the proximate cause of their damages. The Court cannot infer proximate causation from the fact of injury alone. *Del Castillo*, 2016 WL 3745953, at *16.

Defendant does not dispute that IES provided instrumentation and electrical work for equipment associated with Tank 80-8 in 2012 through 2013 and electrical work related to installation of the butane injection line for Tank 80-8 in 2014. ECF No. 163 at 6-7. For IES, Plaintiffs alleged that:

> IES failed to exercise reasonable care in its provision of instrumentation and electrical work for the equipment associated with Tank 80-8, including but not limited to the installation of Tank 80-8's butane injection line.

ECF No. 156 at ⁋ 17. Plaintiffs' allegations and arguments are even more sparce as to IES. There are no facts alleged in the proposed complaints that the instrumentation or electrical work was involved in the fire or caused any damages to Plaintiffs. *Smith v. Robin America, Inc.*, No. H-08-3565, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009) (claim that amendment is motivated by discovery of new evidence is "belied by the vagueness of the contention."). Again, the Court cannot infer proximate causation from the fact of injury alone. *Del Castillo*, 2016 WL 3745953, at *16 (applying the 12(b)(6) standard).

Although the standard for assessing whether a claim is facially valid under *Hensgens* is more favorable to plaintiffs than the already lenient standard federal courts apply under Rule 12(b)(6), there must be *some* alleged facts that connect the Defendant to the wrongful conduct. *Agyei*, 198 F. Supp. 3d at 772. Plaintiffs do not dispute this. ECF No. 168 at 2 ("Plaintiffs must simply demonstrate that they have pleaded sufficient facts to state a 'facially valid' claim for negligence under Texas law."). Plaintiffs' proposed amended complaints fail to contain sufficient facts of a facially valid claim.

Without citation that it is appropriate for the court to consider, Plaintiffs' reply contains substantially more factual discussion than the motion or proposed amended

complaints and refers to outside material in addition to their briefing.[7] Plaintiffs'
reply brief cites to the CSB report for facts that relate to the butane injection system
and the how butane was moved into Tank 80-8 and mixed with the Naphtha stored
in the tank. ECF No. 168 at 2-3. The reply states that on March 17, 2019,
9000 gallons of butane enriched Naphtha were release for 26 minutes before the fire
started and then there was a mechanical failure. *Id.* at 3. The reply further states that
the fire was in the manifold area of the tank and the butane injection line piping. *Id.*
After reviewing the work that CIMA and IES were hired to perform on the piping
and equipment, Plaintiffs cite to an OSHA report that contains citations issued after
the fire to ITC regarding failed inspections, testing, and inadequate piping. *Id.* at 4-
6. However, Plaintiffs fail to tie the citations to either CIMA or IES, which is fatal
to their claims.

Asserting that the court may review recently acquired records to determine
whether they corroborate the proposed claims,[8] Defendant attached the original
CIMA bid and purchase order to its response. Those documents reveal that ITC, not

---

[7] Plaintiffs should not be allowed to use their reply to cure "what is in fact a defective motion,"
*Weber*, 455 F. Supp. 2d at 551; here the motion and amended complaint are both defective. The
pleading itself must state the factual basis for the claim.

[8] ECF No. 163 at 10 (citing *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 891 (S.D. Tex. 2010)
("When reviewing these records, the Court does not see anything that indicates" the first Hensgens
factor weighs in favor of plaintiff.")); *accord Gallegos*, 2009 WL 4730570, at 3* (reviewing the
record evidence attached to defendants' response to conclude plaintiff knew the identity of the
insurance agent before filing suit).

CIMA, was to provide all materials for the piping work done. ECF No. 163-4 at 16-18. The original bid required CIMA to install new piping. *Id.* at 18. It explicitly provided that: "Pricing assumes that ITC will provide all materials (piping, fittings, bolt up, etc.)." *Id.* The purchase order then changed the specifications from new piping to a "new 4" line utilizing a section of the old Aniline wash line from 80-8 to the 80's Tank Truck Rack." *Id.* at 16. On its face, by the time ITC issued its purchase order, ITC had decided not to supply new piping but instead to reuse piping from the tank for this project. *Id.* Because ITC supplied the pipe, Plaintiffs would "face significant legal obstacles" trying to hold CIMA responsible for any pipe failure. Plaintiffs also claim that CIMA failed to test the piping, but Defendant cites to documents purporting to show that CIMA conducted the testing. ECF No. 163 (citing to ECF N0. 163-4 at 17). The language Defendant quoted appears in CIMA's bid. ECF No. 163-4 at 18. CIMA's invoices do not specify the details of the work completed on each invoice and the Court finds no other document referencing those tests. Nonetheless, the amount of the original bid was fully invoiced so the Court may reasonably infer that CIMA conducted and completed the testing, and Plaintiffs have provided no evidence to the contrary. Even if CIMA failed to conduct the tests, the Plaintiffs' reliance on the OSHA citations is misplaced because it was issued to ITC years after CIMA performed the work on the piping and Plaintiffs fail to tie the citations to CIMA. The Court will not infer that OSHA meant that CIMA did not

conduct the testing or inspection 3 years before the fire as the basis for the citation. Thus, any claim against CIMA would face "significant legal obstacles." *Agyei*, 198 F. Supp. 3d at 771.

Therefore, this consideration favors denying the motion for leave to amend.

### 3. *The timing of Plaintiffs' motion suggests a purpose to defeat federal jurisdiction.*

When the motion for leave to amend is contained in the same pleading as the motion for remand, *Smith*, 2009 WL 2485589, at *5, or both motions are filed at the same time soon after removal, *Ragar*, 2016 U.S. Dist. Lexis 189189, at *8, the court may infer that the purpose of the amendment is to destroy diversity jurisdiction. Here, Plaintiffs filed the instant motion for leave to amend and to remand in the same pleading shortly after removal. This suggests a motive to defeat jurisdiction.

Courts also look at the pleading history of the plaintiffs before filing the motion to amend. The "absence of an earlier effort to remand a removed case is some evidence that a motion to add parties, including non-diverse parties, may not be for the purpose of defeating diversity. *Smith*, 2009 WL 2485589, at *5. If, however, plaintiffs made earlier efforts to avoid the federal forum, it provides some evidence of the intent to defeat federal jurisdiction. *Id.* Starting with the state court filing, federal courts examine whether the plaintiffs initially sued a nondiverse party against whom there is no reasonable possibility of recovery to avoid a federal forum. When those plaintiffs then seek to amend and remand based on adding diversity destroying

11

new parties, it provides some evidence of a purpose to defeat federal jurisdiction. *See, e.g., Murphy*, 2018 WL 7297905, at *6 (this factor weighs against allowing the plaintiff leave to amend because "plaintiff's intent to defeat diversity jurisdiction becomes inferentially clear."), *Smith*, 2009 WL 2485589, at *5 (this would provide some evidence that the purpose was to avoid federal jurisdiction and is "an especially strong inference" when the motion to amend and remand are in the same pleading); *Arthur v. Stern*, Case No. 4:07-cv-3742, 2008 WL 2620116, at *4 (S.D. Tex. June 26, 2008) (same).

Here, the history of Plaintiffs actions shows they were determined to avoid a federal forum.[10] In one case, Plaintiffs stated that their "claims were pled in a way that sought to avoid federal jurisdiction." Motion to Remand, ECF No. 15 ¶16 (*Cassandra Shephard, et al. v. ITC, et al.*, No. 4:19-cv-2429). In at least one case, Plaintiffs sued a non-diverse defendant, Intercontinental Terminals Management Co., but did not previously seek remand or voluntary dismissal on that basis. *John Badera v. ITC, LLC, et al.*, No. 4:19-cv-2775. Several of the Plaintiffs filed their state court claims against non-diverse parties to avoid removal to federal court and sought an earlier remand on that basis. *See, e.g.,* Motion to Remand, ECF No. 13

---

[10] In only three of the twenty-five cases joined in this motion to amend and remand, Plaintiffs did not engage in any such prior actions. *See Vokap Terminal Deer Park Inc. v. ITC, LLC*, No. 4:19-cv-1890; *Rhena Hernandez v. ITC, LLC*, No. 4:19-cv-2419; *Juan Acevedo, et al. v. ITC, LLC*, No. 4:19-cv-4051. Although this is some evidence that these particular Plaintiffs may not be seeking to avoid the federal forum through this amendment, it must be weighed along with the other *Hensgens* factors.

(*Norma Mottu, et al. v. ITC, et al.*, No. 4:19-cv-1428) (seeking remand because Plaintiff sued ITC employee Alice Richardson, a Texas resident, in state court); Motion to Remand, ECF No. 7 (*Lorena DiBello v. ITC, et al.*, No. 4:19-cv-1882) (same); Motion to Remand, ECF No. 15 (*Cassandra Shephard, et al. v. ITC, et al.*, No. 4:19-cv-2429) (same); Motion to Remand, ECF No. 8 (*Raymond Nelson, et al. v. ITC, et al.*, No. 4:19-cv-2429) (seeking remand because Plaintiff sued Bernt A. Netland, a Texas resident, in state court); Motion to Remand, ECF No. 17 (*Abel Arguelles v. ITC, LLC, et al.*, No. 4:19-cv-2674) (seeking remand because Plaintiff sued ITMC in state court). In one case, Plaintiff previously sought remand on the basis that diversity jurisdiction failed because the amount in controversy did not exceed $75,000. Motion to Remand, ECF No. 3 (*Refugio Reyes v. ITC, LLC*, No. 4:19-cv-1447). [11] In sixteen of the cases, Plaintiffs sought voluntarily dismissal shortly after removal.[12] *See, e.g.,* Motion for Vol. Dism, ECF No. 5 (*Norma Mottu, et al. v. ITC, et al.*, No. 4:19-cv-1428); Motion for Vol. Dism, ECF No. 8 (*Charles Watts, Jr., et al. v. ITC, LLC*, No. 4:19-cv-1433); Motion for Vol. Dism, ECF No. 2 (*Rogelio Lopez Munoz, et al. v. ITC, LLC*, No. 4:19-cv-1460); Motion for Vol. Dism,

---

[11] The Court denied all motions to remand. *See, e.g.*, Orders Denying Remand, ECF Nos. 7, 21, 22, 23, 91, 92.

[12] The same counsel for Mr. Olmos represents 12 additional parties who seek leave to amend and remand. See Chart, ECF no. 156-1, Sedrick Stagg counsel. Voluntary dismissal was sought in each of those cases. Many of these Plaintiffs also asserted claims against non-diverse parties.

ECF No. 7 (*Rubin Olmos v. ITC, LLC*, No. 4:19-cv-1430).[13] In one case, Plaintiffs had already sought, unsuccessfully, to amend to add non-diverse parties. Motion to Amend, ECF No. 6 (*Rogelio Lopez Munoz, et al. v. ITC, LLC*, No. 4:19-cv-1460) (seeking leave to amend to add ITMC and Carl Holley).[14]

After the cases were removed to federal court, several Plaintiffs filed state court Rule 202 petitions for pre-suit depositions. *See, e.g.,* ECF No. 13 at 3, *Mottu,* No. 4:19-cv-1428 (as basis for motion to remand, Plaintiffs informed the court that they filed pre-suit petitions in state court to obtain information regarding additional parties); Exh. E, ECF Nos. 163-5 (Jose S. Jimenez Rule 202 Pet.) (Mr. Jimenez is a named Plaintiff in this consolidated action) Exh. F, ECF No. 163-6 (Mary D. Zavala Rule 202 Pet.) (The same counsel who represents Ms. Zavala in the Rule 202 petition represents Plaintiffs in 3 of the cases in which the instant motion is pending). In the hearing in state court on one Rule 202 motion, which took place after the cases were removed to federal court, counsel informed the court that counsel represented 3000 plaintiffs, not all of whom had yet filed suit, and sought the deposition to determine who the proper parties were, "to figure out if we belong in state court or in federal court." Tr. at 6-7, *In re Mary G. Zavala*, No. 2019-29503, pending in the 113th Judicial D. Ct., Harris Cty, Texas, Exh. G., ECF No. 163-7.

---

[13] The Court denied all motions for voluntary dismissal. *See, e.g.*, Orders, ECF Nos. 23, 24, 46.

[14] The Court denied the motion to amend. Order, ECF No. 6.

Plaintiffs' prior filings coupled with the filing of a single motion for leave to amend and remand suggests that their purpose has been to defeat federal jurisdiction. Taking these various considerations into account, the first *Hensgens* factor favors denying the motion to amend.

**2.   *Hensgens* Factor Two: Plaintiffs were not dilatory in filing their motion.**

The second *Hensgens* factor requires consideration of "whether plaintiff has been dilatory in asking for amendment." *Hensgens*, 833 F.2d at 1182. In addressing this factor, "courts look to (i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the stage of the proceedings at the time of the amendment." *Agyei*, 198 F. Supp. 3d at 776.

As for the timing of the proposed amendment, Plaintiffs promptly sought to add CIMA Services and IES as soon as they received discovery identifying those defendants as having performed work on the tank and equipment where the fire originated and within the Court ordered deadline for amendments. The stage of proceedings at the time the motion to amend was filed also favors allowing the amendment because only the first phase of discovery had begun. In these circumstances, the amount of time between the filing of the original state court actions and the motion to amend is of minimal importance, particularly in light of the complexity of this litigation. This factor favors granting the motion to amend.

**3.** *Hensgens* **Factor Three: Significant Injury To The Plaintiff Without Amendment.**

The third *Hensgens* factor requires consideration of "whether plaintiff will be significantly injured if amendment is not allowed." *Hensgens*, 833 F.2d at 1182. In analyzing this factor, courts "look to (i) whether the already named diverse defendant would be unable to satisfy a future judgment, and (ii) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." *Agyei*, 198 F. Supp. 3d at 777.

There is no indication that Defendant ITC would be unable to satisfy a future judgment. *Agyei*, 198 F. Supp. 3d at 777; *Gallegos*, 2009 WL 4730570, at \*5. "Courts have found there is no prejudice to the plaintiff when the current defendant would be able to satisfy a future judgment." *Murphy,* 2018 WL 7297905, at \*8. In addition, this Court concluded that Plaintiffs failed to state a valid claim against either CIMA or IES and would face significant legal obstacles on the claims as asserted in the amended complaints. *Gallegos*, 2009 WL 4730570, at \*5. It is unlikely that Plaintiffs would file parallel state court proceedings if the motion for leave to add these Defendants is denied because they can obtain full relief from ITC. *Id.* Defendant argues that it faces a more likely burden of defending in both state and federal court if Plaintiffs' motion is granted because several of the consolidated

16

cases were filed in federal court or did not seek remand. ECF No. 163 at 20-21. In the particular circumstances of this case, the desire to avoid judicial inefficiency, including duplicative litigation in state and federal forums, and the risk that inconsistent results in those forums may result, is unpersuasive. This factor favors denying the motion to amend.

**4.  *Hensgens* Factor Four: Other Factors Bearing on Equities.**

The fourth *Hensgens* factor asks whether there are "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Although it is the rare case where the fourth *Hensgens* factor plays any role at all in the ultimate balance, this is such a case. First, the sheer size of this litigation makes it more equitable to deny the motion to amend than to grant it. More than 40 cases with hundreds of Plaintiffs, including 3 class actions, have already been consolidated in this Court. If Plaintiffs' motion is granted, the remaining cases will continue in this forum. In addition, since the filing of this motion, the Court entered a discovery order, largely consistent with the schedule Plaintiffs requested. Case Mgt. and Sch. Order Part II, ECF No. 214. While the Plaintiffs were not dilatory in filing the motion, the fact is that substantive discovery is now underway. Moreover, as noted above, the district judge has already denied attempts to add defendants that would destroy diversity jurisdiction and has repeatedly denied various plaintiffs' motions to voluntarily dismiss and/or remand to state courts. *See, e.g.,* Order, ECF No. 21 (denying amendment to add non-diverse

defendants); Order, ECF No. 46 (denying voluntary dismissal), Order, ECF No. 92 (denying remand). Although in setting the first phase of discovery and the deadline for the motion for leave to amend, the Court recognized additional motions would be filed and given full consideration, Order, ECF No. 46, consistency is an essential component of equity, and consistency with those prior rulings counsels strongly in favor of denying the present motion. This factor favors denying the motion to amend.

*   *   *

In sum, only the second *Hensgens* factor favors granting the motion to amend. Regarding the first factor, Plaintiffs did not know of the identity of these two potential defendants before filing their state claims, however, they failed to state facially valid claims against them in their proposed amended complaints. Furthermore, their repeated and multiple activities to avoid a federal forum strongly suggests a purpose to defeat federal diversity jurisdiction. This factor strongly favors denying the motion to amend. The third and fourth factors also favor denying the motion. In the unique circumstance of this particular case, the *Hensgens* factors weigh in favor of denying the motion for leave to amend and remand.

## CONCLUSION

The Court RECOMMENDS that Plaintiffs' Consolidated Motion for Leave to Amend Complaints Adding Non-Diverse Defendants and Remand be DENIED.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on August 3, 2020, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**

19