United States District Court
Southern District of Texas
**ENTERED**
April 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| *IN RE* INTERCONTINENTAL | § | |
| TERMINALS COMPANY, LLC | § | Lead Case No. 4:19-cv-1460 |
| DEER PARK FIRE LITIGATION | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court[1] is Plaintiffs Total Petrochemicals & Refining USA, Inc.'s and Total Specialties USA, Inc.'s (collectively, "Total" or the "Total Plaintiffs") second motion to remand, ECF No. 619. The motion is unopposed. *Id.*

Having reviewed the record, the applicable law, and the arguments of counsel,[2] the undersigned recommends that Total's second motion to remand be granted.

## I. BACKGROUND

The Total Plaintiffs brought claims in state court against Defendants Intercontinental Terminals Company, LLC ("ITC") and Intercontinental Management Company ("ITMC"), a Texas corporation, arising from the

---

[1] The district judge referred this matter for all pretrial purposes pursuant to 28 U.S.C. § 636. ECF No. 112. The motion under consideration is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The Court held a status conference on April 7, 2021. At the hearing, counsel for Defendants Intercontinental Terminals Company, LLC ("ITC") and NSK Corporation ("NSK") represented that they do not opposed this motion. Counsel for Applied Industrial Technologies, Inc. ("Applied") represented that it had no formal position since it had been conditionally dismissed from the suit.

1

March 2019 fire at ITC's Deer Park facility. In particular, the Total Plaintiffs sought to hold ITC and ITMC responsible for negligence in connection with the Deer Park facility fire and resulting damages. *See* Orig. Petit., ECF No. 1-1, Case No. 4:20-cv-00019. After its case was removed to federal court and consolidated with other similar cases, the Total Plaintiffs filed a motion to remand, asserting lack of complete diversity because of the presence of ITMC as a party defendant. ECF No. 196. This Court recommended that the Total Plaintiffs' first motion to remand be denied and ITMC be dismissed without prejudice. R&R, ECF No. 391. Judge Hoyt adopted the R&R. Order, ECF No. 417. [3]

Since then, the parties have engaged in discovery that included the production of ITC's Root Cause Analysis, alleging that ball bearings that NSK manufactured were installed in the Tank 80-8 pump assembly and caused the ITC fire. ECF No. 619 at 2, 3. Total filed its First Amended Complaint, naming NSK as a defendant. Pl. Total's Am. Compl., ECF No. 541.[4] ITC answered Total's amended complaint. Ans., ECF No. 580.

Total seeks remand for a second time, now asserting that joinder of NSK

---

[3] The Court refers to the background facts contained in that R&R as well as its prior R&R, recommending the Court deny certain personal injury Plaintiffs' motion for leave to amend to add non-diverse defendants and remand. *See* R&R 391 (recommending denying Total's first motion to remand); R&R, ECF No. 374 (recommending denying certain plaintiff's motion for leave to amend and remand).

[4] When it amended its complaint, Total added Applied as a defendant, but the parties filed, and the Court entered an agreed order of conditional dismissal as to Applied. Order, ECF No. 603. Therefore, the motion to remand does not include Applied as a party defendant.

requires remand since NSK and Total are both citizens of Delaware, destroying complete diversity. ECF No. 619 at 4 (citing 28 U.S.C. § 1447(e)).

## II. LEGAL STANDARD FOR REMAND

ITC removed this case based on diversity jurisdiction. See Notice of Removal, ECF No. 1, Case No. 4:20-cv-00019. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co.*, 546 U.S. at 89 (quoting 28 U.S.C. § 1332(a)(1)). The statutory phrase "between ... citizens of different States" "require[s] complete diversity between all plaintiffs and all defendants." *Id.*

In cases removed to federal court on diversity grounds, § 1447(e) controls the determination of leave to amend that would destroy jurisdiction. *Murphy v. Sterline Jewelers Inc.*, No. 5:17-cv-662, 2018 WL 7297905, at *6 (W.D. Tex. Feb. 13, 2018) (citing *Gallegos v. Safeco Ins. Co.*, No. 4:09-cv-2777, 2009 WL 4730570, at *2 (S.D. Tex. 2009)). It provides that,

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court.

28 U.S.C. § 1447(e). "The decision to grant leave to amend to add parties that will destroy jurisdiction is within the district court's sound discretion." *Wasiq v. Concentra, Inc.*, No. 4:19-cv-912, 2019 WL 3321894, at *6 (S.D. Tex. May 14,

3

2019) (citing *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) and *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 764, 770 (S.D. Tex. 2016)); *Gallegos*, 2009 WL 4730570, at *2.

### III. ANALYSIS

On January 14, 2021, one of the personal injury plaintiffs in this consolidated action, Abel Arguelles, filed an unopposed motion for leave to amend, asking this Court to allow him to add additional defendants identified during discovery. ECF No. 462. The potential defendants were the manufacturers and distributors of an allegedly defective component—ball bearings—of the Tank 80-8 pump. *Id.* at 2. On January 15, 2021, this Court held a status conference during which this motion for leave was discussed and counsel for various plaintiffs represented that they too would seek leave to amend to join these additional defendants. Hrg. Tr. (1/15/21) at 26-32. Again, this issue was discussed at a subsequent hearing on March 5, 2021. Hrg. Tr. (3/5/21) at 14-17. ITC did not oppose the amendment to join NSK as a defendant. ECF No. 462 at 8; Hrg. Tr. (1/15/2020) at 37; Hrg. Tr. (3/3/2021) at 16-17.

After the January hearing, this Court granted *all* Plaintiffs leave to amend to add certain defendants, including NSK, based on the representations from Lead Counsel that the additional parties were diverse and that it would not impact this Court's jurisdiction. Order, ECF No. 478.; *see* Hrg. Tr. (1/15/21) at 26-27 (Russel

Lewis), 29 (Benny Agosto), 31-32 (Bill Ogden). Total did not inform the Court that the addition of NSK would destroy complete diversity in its case until the hearing on April 7, 2021, which was held the same day Total filed its second motion for remand and three weeks after Total amended its complaint. *See* ECF No. 619; ECF No. 541. Nonetheless, this Court *now* concludes that there is no basis on which to deny Total leave to amend to add NSK, even though to do so destroyed diversity as to it. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (setting forth a four-factor framework for determining whether to allow amendment that would destroy diversity). First, NSK has been joined as a Defendant by most—if not all—of the other Plaintiffs in this consolidated action after discovery showed it may have liability for the fire. There is no suggestion that Total added NSK solely to defeat diversity or was dilatory in adding NSK. Moreover, the joinder of NSK as a defendant was unopposed.

Having permitted the joinder of NSK, which is nondiverse as to Total, the Court no longer has subject-matter jurisdiction over Total's case. *Martinez v. Topbuild Corp.*, 2020 WL 4287707, at *1 (S.D. Tex. July 27, 2020). The only option consistent with the plain language of § 1447(e) is to remand as to Total. *Id.*

## CONCLUSION

Therefore, the Court **RECOMMENDS** that the Total Plaintiffs' unopposed second motion to remand, ECF No. 619, be **GRANTED** and that Total's Case No. 4:20-cv-00019 be **REMANDED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on April 9, 2021, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**