UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *IN RE*: INTERCONTINENTAL § <br> TERMINALS COMPANY, LLC § <br> DEER PARK FIRE LITIGATION § <br> § <br> § | Lead Case No. 4:19-cv-1460 |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter was referred to United States Magistrate Judge Dena Palermo to conduct all pretrial proceedings pursuant to 28 U.S.C. § 636. Order, ECF No. 112. Pending before Judge Palermo was Plaintiffs Total Petrochemicals & Refining USA, Inc.'s and Total Specialties USA, Inc.'s (collectively, "Total" or the "Total Plaintiffs") second motion to remand. ECF No. 619. Judge Palermo filed a Report and Recommendation ("R&R"), recommending that Plaintiffs motion to remand be granted. R&R, ECF No. 635. Total filed a limited objection to the R&R, asking the Court to grant the motion and remand their case but not to adopt footnote 4 regarding the Court's dismissal of one of the newly added Defendants, Applied Industrial Technologies, Inc. ("Applied"). ECF No. 720. Defendant NSK Corporation ("NSK") filed a limited objection, urging the Court to adopt the R&R but add the word allegedly on page 4. ECF No. 728.

Since objections were filed, the Court conducted a *de novo* review of the matters to which objections were filed. Total filed a limited objection to footnote 4 in the R&R, contending that this Court was without jurisdiction to dismiss its claims against Applied because Total had already filed its jurisdiction busting complaint when the court ruled on a joint motion to dismiss that defendant. ECF No. 720. Total claims the Court does not have jurisdiction from the moment Total filed its amended complaint that destroyed diversity. As a result, Total contends the Court was without jurisdiction to dismiss its claims against Applied. *See* Order, ECF No. 603.

1

As the R&R explains, Total filed an amended complaint that alleged claims against newly added defendants, NSK and Applied, among others. Pl. Total's Am. Compl., ECF No. 541. Total and NSK are both citizens of Delaware, *id.*, so the amendment would destroy complete diversity in Total's case.

On March 24, 2021, the parties filed a proposed agreed order, conditionally dismissing Defendant Applied and listed all the Plaintiffs consolidated in this case to which the order applied, including Total. ECF No. 576-3 ¶ 42. The express language of the proposed order says: "This order applies to the Lead Case No. 4:19-cv-01460, and to all actions than have been removed to this Court and assigned thereto (collectively, "Consolidated Action"). This Order is binding on all Parties and their counsel in all such cases." Proposed Order, ECF No. 576. On April 5, 2021, this Court entered that agreed order, dismissing Applied. Order, ECF No. 603. Total failed to object to the dismissal of Applied and failed to claim that the Court did not have jurisdiction over its claims, until it filed its objection to the R&R. ECF No. 720.

Total is mistaken that this court lacks jurisdiction because Total did not have leave to file a jurisdiction defeating complaint. This matter was referred to Judge Palermo for pretrial disposition. Order, ECF No. 112. In such instances, Judge Palermo has authority to enter non-dispositive orders, but does not have jurisdiction to enter dispositive orders. 28 U.S.C. § 636. Instead, on dispositive matters, Judge Palermo prepares an R&R, and the undersigned District Judge enters any dispositive order. *See, e.g.,* R&R, ECF No. 374 (recommending denying amendment to add non-diverse defendants filed by other plaintiffs); Order, ECF No. 393 (adopting R&R).

Here, Judge Palermo did not enter any dispositive order granting Total leave to amend its complaint to add a non-diverse defendant. To the contrary, as evidenced at the January 15, 2021

hearing, Judge Palermo granted leave to all Plaintiffs to amend based on the representation on the record that amending would not impact jurisdiction because the newly added defendants were diverse. Order, ECF No. 478; *see* Hrg. Tr. (1/15/21) at 26-27 (comments from ITS's counsel Russell Lewis), 29 (comments from lead Plaintiffs' counsel Benny Agosto), 31-32 (comments from class counsel Bill Ogden). Total knew its' complaint would destroy diversity jurisdiction, but it did not inform the Court at that hearing or any subsequent hearing nor did it seek leave on that basis before it filed the amended complaint.

As Judge Palermo discussed, in cases removed to federal court on diversity grounds, 28 U.S.C. § 1447(e) controls the determination of leave to amend that would destroy jurisdiction and the decision is discretionary with the court. R&R, ECF No. 635 at 3. Because Total failed to seek leave to amend, the filing of its amended complaint did not divest this court of jurisdiction. Even though Total did not seek leave, after it filed the motion to remand, Judge Palermo considered the *Hensgens* factors and concluded that there is no basis on which to deny Total leave to amend to add NSK, even though to do so would destroy diversity as to Total. R&R, ECF No. 636 at 5. The Court agrees with Judge Palermo's analysis that even though adding NSK would destroy diversity, there is no basis on which to deny Total leave to amend. Therefore, Total is granted leave to amend its complaint to add NSK even though doing so defeats jurisdiction at this time.

Because Total failed to object timely to this Court's dismissal of its claims against Applied, its objection to footnote 4 is without merit. Total should have objected before this Court entered the order dismissing Applied and should have made its objection known to Judge Palermo at the status conference on April 7 when its motion to remand was presented to the Court. It is not appropriate to play a game of gotcha with the court.

With regard to NSK's objection, the Court finds that the addition of the word allegedly is unnecessary.

The Court finds that the R&R is well founded and that it should be adopted.

Accordingly, it is ORDERED that:

1. The Total Plaintiffs' limited objection to the R&R, ECF No. 720, is OVERRULED.

2. Defendant NSK's limited objection to the R&R, ECF No. 728, is OVERRULED.

3. The R&R is ADOPTED in its entirety as the holding of the Court.

4. The Total Plaintiffs' second motion to remand, ECF No. 619, is GRANTED; and

5. Total's Case No. 4:20-cv-00019 is REMANDED.

Signed on April 29, 2021, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge