United States District Court
Southern District of Texas
**ENTERED**
August 24, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re INTERCONTINTENTAL TERMINALS COMPANY LLC, DEER PARK FIRE LITIGATION** § § § § § § § § | Consolidated No. 4:19-cv-1460<br><br>No. 4:21-cv-00497 |

# ORDER

Pending before the Court[1] is *Bryant* Plaintiffs' ("Bryant") motion for leave to file a second amended class action complaint *nunc pro tunc*. ECF No. 760.[2]

The Case Management and Scheduling Order Part II set March 21, 2020 as the deadline to amend class allegations and join additional defendants. ECF No. 214. On January 18, 2021, the Court granted all Plaintiffs leave to amend to add certain diverse defendants, including NSK Corporation ("NSK") and Applied Industries Technologies, Inc. ("Applied"). ECF No. 478. On March 10, 2021, Bryant filed a second amended class action complaint. In the complaint, Bryant added NSK and Applied as defendants and redefined the class of plaintiffs from one based on the

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636. Order, ECF No. 112.

[2] Defendant Intercontinental Terminals Company LLC ("ITC") filed a response in opposition. ECF No. 807. Plaintiffs Abel Arguelles, John Badera, Ruthie Badera, Rhena Hernandez, Victor Hernandez and Ava Hernandez ("Personal Injury and Property Plaintiffs") filed a response in opposition. ECF No. 822. Bryant filed a reply to ITC's response. ECF No. 823. Bryant filed a reply to Personal Injury and Property Plaintiffs' response. ECF No. 838.

1

impact of the shelter-in-place orders to one that uses an isopleth[3] to define the geographic scope of the class. Since Bryant's second amended class action complaint redefines its class definition, in addition to adding two new defendants, Bryant should have sought leave of the Court to amend the complaint.

While Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely" given, Fed R. Civ. P. 15(a)(2), Rule 16(b)(4) limits modifications to a scheduling order to situations where "good cause" is shown. Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, the Court considers four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of continuance to cure such prejudice." *U.S. ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (alteration in original) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

First, regarding their failure to timely seek leave, Bryant argues that the amendments to their class definition and articulation of their theories of liability are based on expert work product on isopleths that Bryant did not have when they filed their first amended complaint. ECF No. 761 at 4. Defendant ITC counters that Bryant's explanation misrepresents the scope of the proposed change and does

---

[3] Isopeth is a "line drawn on a map through all points having the same value of some measurable quantity." See https://www.wordnik.com/words/isopleth, last visited on 6/29/21.

nothing to explain the delay, since, according to ITC, Bryant replaced their claims for inconvenience and expenses based on shelter-in-place orders to property damage and personal injury claims. ECF No. 807 at 8. The Court finds Bryant's explanation to be adequate. Discovery is ongoing and class issues have not been briefed yet. There is "ongoing refinement and give-and-take inherent in class action, particularly in the formation of a workable class definition." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004). Moreover, the Court disagrees that Bryant's second amended class action complaint fundamentally changes the nature of the Bryant class claims. Bryant's second amended complaint continues to articulate a case based on property damage, tangible harm to possessory rights in property, and damage to the use and enjoyment of their property. *Compare* ECF No. 15, Case No. 4:21-cv-00497 (Bryant first amended class action complaint) ("This is a class action on behalf of individuals whose quality of life and use and enjoyment of their property has been damaged by the toxic chemicals released during an emissions event and fire at a petrochemical terminal facility."), *with* ECF No. 534 (Bryant second amended class action complaint) ("This is a class action on behalf of individuals who have suffered property damage and tangible harm to possessory rights in property, and whose quality of life and use and enjoyment of their property has been damaged by the toxic chemicals released during an emissions event and fire at a petrochemical terminal facility.").

Second, Bryant argues that the amendments are important because it is more likely that a class will be certified based on the new definition than the initial definition. ECF No. 761 at 7. ITC argues that the amendments are not important because, with these amendments, Bryant adds new personal injury and property damage claims that overlap to a significant degree with the individual claimants already party to this case or the tolling agreements effectuated by lead plaintiffs' counsel. ECF No. 807 at 9. Personal Injury and Property Plaintiffs similarly argue that there is no need for a class action as defined in Bryant's second amended complaint because all the meaningful claims for personal injury and property damages are asserted individually and would not be included in the Bryant class. ECF No. 822 at 2. As mentioned above, the Court finds that the Bryant second amended class action complaint does not introduce new claims of personal injury, but instead continues to articulate a claim based on property damage. The Court has not yet certified a class in this matter, and amendments to class actions to include potential plaintiffs are considered important. *See In re BP p.l.c Sec. Litig.*, No. 4:10-md-2185, 2014 WL 2112823, at *16 (S.D. Tex. May 20, 2014) (finding important an amendment that certain kept investors who purchased BP shares in the class action). Since class definitions are subject to ongoing refinement, the Court finds that amending to use an isopleth to redefine the geographic scope of the Bryant class is important.

Third, Bryant argues that the amendments do not prejudice defendants because the case is still in its infancy, class discovery has not yet begun, and the amendments do not foreclose the opportunity to defendants to oppose class certification during that phase of pretrial. ECF No. 761 at 5. ITC responds that Bryant's second amended class action complaint significantly disrupts the consolidated proceeding and the coordinated efforts of the other parties by upsetting the status quo. ECF No. at 9. According to ITC, this is because Bryant adds new personal injury and property damage claims that overlap to a great degree with the individual claims. *Id.* Personal Injury and Property Plaintiffs likewise argue that the amendments to the Bryant complaint would undermine the work of the plaintiffs' steering committee by making it more difficult to bring the personal injury and property damage claims to a resolution with the defendants. ECF No. 822 at 3. Since the Court finds that Bryant did not reshape their case into one based on personal injury claims, Bryant's second amended class action complaint should not disrupt the status quo. In allowing Bryant to amend their complaint, the Court does not deprive Defendants of their opportunity to defend on the merits and oppose class certification during that phase of pretrial. Class discovery is ongoing and any prejudice to defendants can be cured by an extension of the deadline. *See In re BP p.l.c Sec. Litig.*, 2014 WL 2112823, at \*16 (holding that prejudice to defendants could be cured, if necessary, by further extension to the expert discovery deadline).

Fourth, no party addresses the factor of a continuance; however, there is no prejudice to Defendants because discovery is ongoing, several defendants were recently added to the case, class certification has not been briefed, and no trial date has been set. *Cf. Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 Fed. Appx. 425, 429 (5th Cir. 2016) (per curiam) (holding that prejudice to defendant could not be cured by a continuance when plaintiff moved to amend complaint after close of discovery).

Accordingly, it is ORDERED that Bryant's for leave to file a second amended class action complaint *nunc pro tunc*, ECF No. 760, is GRANTED. However, Bryant's class is limited to individuals who are alleged to have suffered property damage and tangible harm to possessory rights in property, and whose quality of life and use and enjoyment of their property has been damaged by the toxic chemicals released during the ITC fires.

SIGNED on June 29, 2021.

_Dena Palermo_
Dena Hanovice Palermo
United States Magistrate Judge