Case 4:19-cv-01460   Document 990   Filed on 10/15/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *IN RE*: INTERCONTINENTAL TERMINALS COMPANY, LLC DEER PARK FIRE LITIGATION | § § § § § | Lead Case No. 4:19-cv-1460 |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Vopak Terminal Deer Park Inc.'s ("Vopak") motion for leave to file an amended complaint and remand to state court. ECF No. 962. The motion is unopposed. *Id.* at 2. Having considered the motion, the applicable law, and the record, the undersigned determines that Vopak's motion should be granted.

## I.  BACKGROUND

Vopak brought claims in state court against Intercontinental Terminals Company, LLC ("ITC"), arising from the March 2019 fire at ITC's Deer Park facility, alleging negligence, private nuisance, public nuisance, and trespass. *See* Orig. Petit., ECF No. 1-1, Case No. 4:19-cv-1890. ITC filed a Notice of Removal and Vopak's case was eventually consolidated into this consolidated action. *See* Order, ECF No. 7, Case No. 4:19-cv-1890.

---

[1] The district judge referred this matter for all pretrial purposes pursuant to 28 U.S.C. § 636. Order, ECF No. 112. The motion under consideration is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

Since then, the parties have engaged in discovery that included the production of ITC's Root Cause Analysis, alleging that ball bearings that NSK Corporation ("NSK Corp.") manufactured were installed in the Tank 80-8 pump assembly and caused the ITC fire. ECF No. 962 at 1–2. Vopak entered a tolling agreement with NSK Corp. and NSK Ltd. (collectively the "NSK Defendants") and ITC regarding any claims Vopak may choose to assert against the NSK Defendants relating to the ITC fire. ECF No. 962 at 2. Pursuant to the tolling agreement, ITC and the NSK Defendants agreed not to oppose any motion for leave to amend Vopak subsequently may file to add claims against the NSK Defendants. *Id.*

Vopak now seeks leave to file an amended complaint to add NSK Corp. and NSK Ltd. as defendants, asserting claims against them for manufacturing and design defects. ECF No. 962 at 2. Adding the NSK Defendants will require remand since NSK Corp. and Vopak are both citizens of Delaware, destroying complete diversity. ECF No. 962 at 6 n.1 (citing 28 U.S.C. § 1447(e)).

## II. LEGAL STANDARD FOR REMAND

ITC removed this case based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1, Case No. 4:19-cv-1890. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81,

2

89 (quoting 28 U.S.C. § 1332(a)(1)). The statutory phrase "between . . . citizens of different States" "require[s] complete diversity between all plaintiffs and all defendants." *Id.*

In cases removed to federal court on diversity grounds, § 1447(e) controls the determination of leave to amend that would destroy jurisdiction. *Murphy v. Sterline Jewelers Inc.*, No. 5:17-cv-662, 2018 WL 7297905, at *6 (W.D. Tex. Feb. 13, 2018) (citing *Gallegos v. Safeco Ins. Co.*, No. 4:09-cv-2777, 2009 WL 4730570, at *2 (S.D. Tex. 2009)). It provides that,

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court.

28 U.S.C. § 1447(e). "The decision to grant leave to amend to add parties that will destroy jurisdiction is within the district court's sound discretion." *Wasiq v. Concentra, Inc.*, No. 4:19-cv-912, 2019 WL 3321894, at *6 (S.D. Tex. May 14, 2019) (citing *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) and *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 764, 770 (S.D. Tex. 2016)); *Gallegos*, 2009 WL 4730570, at *2; *In re Intercontinental Terminals Company, LLC Deer Park Fire Litigation*, No. 4-19-cv-1460, 2021 WL 1903807, *2 (S.D. Tex. April 9, 2021), *R&R adopted*, 2021 WL 1686456 (S.D. Tex. April 29, 2021).

### III. ANALYSIS

The Court concludes that there is no basis on which to deny Vopak leave to file an amended complaint to add the NSK Defendants, even though to do so will destroy diversity. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (setting forth a four-factor framework for determining whether to allow amendment that would destroy diversity).

First, the primary purpose of Vopak's amendments is not to defeat subject matter jurisdiction, but to properly apportion responsibility for the ITC fire and Vopak's damages. ECF No. 962 at 6. The NSK Defendants have been joined as defendants by most—if not all—of the other Plaintiffs in this consolidated action after discovery showed they may have liability for the fire. *Id.*; *In re ITC*, 2021 WL 1903807, *2.

Second, Vopak's motion is not dilatory, and has been timely filed pursuant to its tolling agreement with ITC and the NSK Defendants. ECF No. 962 at 6. ITC and the NSK Defendants do not oppose this motion and agreed in the tolling agreement not to oppose this motion. *Id.* at 3, 6.

Third, Vopak would be prejudiced if amendment is not allowed. *Id.* at 7. Vopak's amendment alleges products liability claims against the NSK Defendants. ITC has moved to designate them as responsible third parties. Without leave to amend, Vopak potentially would be required to litigate its claims against ITC in this

forum and the NKS Defendants in another forum, causing additional financial burdens, and the possibility of inconsistent verdicts. *See Hensgens*, 833 F.2d at 1182.

Finally, ITC and NSK Defendants do not oppose Vopak's motion. Allowing the amendment and remanding Vopak's case to state court will not prejudice Defendants because they are already litigating lawsuits related to the ITC fire in a Texas state court multi-district litigation. ECF No. 962 at 7. The Court finds that the balance of equities weighs in favor of granting Vopak leave to amend.

Because NSK Corp. and Vopak are both Delaware corporations, ECF No. 962-1 at 2-3, permitting amendment to join NSK Corp. will destroy diversity. Consequently, the Court will no longer have subject-matter jurisdiction over Vopak's case. *Hensgens*, 833 F.2d at 1182; *Martinez v. Topbuild Corp.*, 2020 WL 4287707, at *1 (S.D. Tex. July 27, 2020); *In re ITC*, 2021 WL 1903807, *3. The only option consistent with the plain language of § 1447(e) is to remand as to Vopak. *Hensgens*, 833 F.2d at 1182.

## CONCLUSION

Therefore, the Court **RECOMMENDS** that Vopak's unopposed motion for leave to file an amended complaint, ECF No. 962, be **GRANTED** and that Vopak's case No. 4:19-cv-1890 be **REMANDED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ.**

**P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

SIGNED on October 15, 2021, at Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge