UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *IN RE*: INTERCONTINENTAL TERMINALS COMPANY, LLC DEER PARK FIRE LITIGATION § § § § § | Lead Case No. 4:19-cv-1460 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Vacate or Amend the Judgment filed by Plaintiffs represented by Brent Coon & Associates ("Plaintiffs"). ECF No. 1457. Plaintiffs ask the Court to vacate its Order adopting the Magistrate Judge's recommendation that the Court dismiss Plaintiffs' cases for failing to comply with the Court's orders regarding the submission of fact sheets. ECF No. 1443. Defendant Intercontinental Terminals Company LLC ("ITC") filed a response. ECF No. 1481. Based on a thorough review of the pleadings, the applicable law, and the record, the Court recommends that Plaintiffs' motion be **DENIED**.

**I.   BACKGROUND**

These consolidated cases arise from a March 17, 2019 fire at ITC's Deer Park storage tank facility. Plaintiffs allege that fire caused large amounts of toxic and volatile chemicals to contaminate the air and waterways across the Houston metropolitan area, disrupting daily life in communities near the terminal.

Multiple suits were filed against ITC and others in Texas state court following

the fire, encompassing the claims of thousands of individual injury Plaintiffs, property owners, and businesses. ITC removed those actions to this Court, claiming federal subject-matter jurisdiction based on diversity of citizenship among the parties. *See, e.g.*, Notice of Removal, ECF No. 1. In a series of orders, those actions were consolidated for pretrial purposes with other similar cases that were originally filed in federal court. Orders, ECF Nos. 9, 14, 29, 33, 34, 46, 53, 109, 193, 198, 267, 304, 361, 362, 363, 387, 449, 480, 490, 491, 513, 579, 613, 746, 747, 881, 946, 1008, 1011, 1110. In addition, Defendants have entered into tolling agreements with hundreds of other Plaintiffs that have not yet filed suit.

Early on in this consolidated matter, the parties negotiated and agreed on form fact sheets for individual and business plaintiffs to complete. ECF Nos. 46, 98. The form fact sheet for individual plaintiffs included a section for claim information with questions on the type of injury alleged and the nature of the injury, as well as two addendums with questions regarding symptoms and medical treatment a Plaintiff received for his or her alleged physical or emotional injury. ECF No. 98-1. Pursuant to Case Management Order Part II, the deadline to complete these fact sheets for Plaintiffs who were then parties to the litigation was March 23, 2020. Order, ECF No. 214. For all parties thereafter added, fact sheets were to be completed within 60 days of consolidation.

On November 2, 2021, in an Amended Agreed Order regarding Submission

of Fact Sheets, the Court required all named Plaintiffs who were then parties to this consolidated matter to complete and serve a fact sheet no later than December 31, 2021. Am. Agreed Order, ECF No. 1005. The Court reiterated this deadline in its Bellwether Discovery and Trial Setting Case Management Order. *See* Order, ECF No. 1031. On June 24, 2022, the Court issued a Report and Recommendation dismissing the claims of sixty-three Plaintiffs who failed to identify a claim in their fact sheets and did not respond to Defendants' motion to dismiss. R&R, ECF No. 1194. Subsequently, the Court determined that 283 Plaintiffs should have been included in this category and entered a report and recommendation that those Plaintiffs' claims should be dismissed. R&R, ECF No. 1238. The number of Plaintiffs whose claims were dismissed was in part based on Brent Coon & Associates' supplemental fact sheet production on May 27, 2022. R&R, ECF No. 1194 at 7–9. The June 24, 2022 Report and Recommendation also addressed Plaintiffs who had provided fact sheets lacking substantive information. R&R, ECF No. 1194. Although the Court did not dismiss those Plaintiffs' claims, it ordered them to provide "updated and completed" fact sheets within two weeks of the order—i.e., by no later than July 8, 2022. *Id.* at 14–16.

On November 16, 2022, ITC filed a motion asking the Court to dismiss two groups of Plaintiffs. First, a group of thirty-four Plaintiffs who submitted supplemental fact sheets on May 27, 2022 that fail to identify a claim. ECF No. 1361

3

at 3. Second, a group of ten Plaintiffs that failed to comply with the Court's order to provide "updated and completed" fact sheets by July 8, 2022—and who have still not done so. ECF No. 1361 at 4. On April 26, 2023, the Court entered a Report and Recommendation, recommending that ITC's motion be granted and Plaintiffs' claims be dismissed with prejudice. R&R, ECF No. 1433.

On May 10, 2023, Plaintiffs filed objections to the Report and Recommendation, arguing that although the R&R correctly found that each of the Plaintiffs "did not file substantially completed fact sheets in a timely manner pursuant to the Court's previous discovery orders," "a death penalty sanction of dismissal with prejudice is not warranted." ECF No. 1437. On May 22, 2023, the District Judge adopted the R&R's recommendation to dismiss Plaintiffs' claims with prejudice, incorrectly noting that "[t]he time for filing objections has passed, and no objections were filed." ECF No. 1443.

On June 20, 2023, Plaintiffs filed the instant motion under Rule 59(e). ECF No. 1457. Plaintiffs argue that "[t]he judgment entered by the Court should be altered or amended/vacated to prevent a clear error or manifest injustice," namely that ITC failed to demonstrate unreasonable delay and prejudice under Rule 41, the R&R utilized a test reserved for MDL litigation, and the R&R could have imposed lesser sanctions. ECF No. 1457 at 3–8. Alternatively, Plaintiffs ask the Court to vacate the Order Adopting for the seventeen completed fact sheets already provided and correct

the Order Adopting's clerical error of noting no objections. ECF No. 1457 at 8–9.

ITC responds[1] that Plaintiffs' motion is meritless because the R&R used an appropriate legal standard in dismissing Plaintiffs' claims, there is ample evidence of unreasonable delay, lesser sanctions were inappropriate, and Plaintiffs' post hoc, partial supplementation provides no basis for the Court to reconsider its Order dismissing their claims. ECF No. 1481. ITC does not oppose Plaintiffs' request that the Court amend its Order Adopting to reflect Plaintiffs' objections. ECF No. 1481 at 9.

## II.     FEDERAL RULE OF CIVIL PROCEDURE 59(e)

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HvdroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted). "To prevail on a motion to alter or amend a judgment under Rule 59(e), the movant 'must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."'" *Patrick v. Whitaker*, No. CV

---

[1] Counsel for ITC misidentifies Judge Palermo in its response as *Magistrate. See* ECF No. 1481. The title magistrate no longer exists in federal courts, having been changed from *magistrate* to *magistrate judge* in *1990.* Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. 101-650, § 321 (1990) ("After the enactment of the Act, each United States magistrate ... shall be known as a United States magistrate judge.") It is an important distinction that the parties failed to recognize. *See United States v. Higby*, No. 4:15CR0142 JAJ, 2015 WL 13914071 (S.D. Ia. Dec. 2, 2015). Thus, the word *magistrate* is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. It is the equivalent of calling a district judge *district*, a bankruptcy judge *bankruptcy*, or a circuit judge *circuit.* Although the official title is United States Magistrate Judge, the proper way to refer to a magistrate judge orally or in writing is *Judge.* Counsel is reminded to use the correct title in the future when referring to Judge Palermo or any magistrate judge.

H-18-2068, 2019 WL 12021833, at *1 (S.D. Tex. Feb. 27, 2019) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990))). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Templet*, 367 F.3d 479 (citing *Simon*, 891 F.2d at 1159)). "Likewise, to the extent that the petitioner attempts to assert new issues that were not raised previously, a Rule 59(e) motion cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763).

### III. PLAINTIFFS' MOTION SHOULD BE DENIED.

"Merely because the Objections may have been timely filed does not require that the judgment be amended." *See Parrish v. Warden, Marion Corr. Inst.*, No. 3:16-CV-486, 2018 WL 10072932, at *2 (S.D. Ohio Dec. 31, 2018), *report and recommendation adopted sub nom. Parrish v. Wainwright*, No. 3:16-CV-486, 2019 WL 4621989 (S.D. Ohio Sept. 24, 2019).

In both the instant motion and Plaintiffs' objections, Plaintiffs seek to relitigate the same issues: ITC failed to demonstrate unreasonable delay and prejudice warranting dismissal of their claims under Rule 41.[2] ECF Nos. 1437; 1457. The record demonstrates otherwise.

---

[2] Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Dismissals with prejudice for failure to prosecute are proper will

6

First, there is a clear record of delay and contumacious conduct. Throughout the process of fact sheet submission, Defendants' counsel sent letters notifying Plaintiffs' lawyers of the deficiencies in their clients' fact sheets, Hr'g Tr., ECF No. 1126 at 14:10-19; *see e.g.*, Fact Sheet Deficiency Notice, ECF No. 1126 at 28:14-29:2; ECF No. 1361 at 3 n.1 (Defendants provided notice of deficiency and intent to file the instant motion on November 15, 2022), ECF No. 1361 at 4 n.2 (Defendants provided Plaintiffs' attorneys with notice that they would bring the motion to dismiss), and the Court found certain of Plaintiffs' fact sheets reflected omissions of vital information, ECF No. 1194 at 12–13. Despite this Court's orders outlining the schedule for submission of fact sheets and Defendants' counsel's communication as to the deficiencies in the fact sheets submitted, Plaintiffs failed to provide fully complete answers in their fact sheets. The lack of submission of a fact sheet with fully complete answers in some cases dates back more than three years to the Court's first deadline of March 23, 2020, warranting dismissal. *See, e.g., In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (affirming dismissal of claims of plaintiff who "failed to comply with the court's order to

---

be affirmed when: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. BorgWarner*, 291 F. App'x 592, 594-95 (5th Cir. 2008) (per curiam) (applying two-prong test to consolidated mass tort action and affirming dismissal of plaintiffs' claims) (citing *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996)). Plaintiffs' argument that this standard only applies in the MDL context is incorrect. *See id.*

7


submit a complete [Plaintiff Fact Sheet] for nearly five months"); *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam) (finding clear record of delay when plaintiffs were non-compliant with court order for two months); *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 234 (5th Cir. 2018) (finding delay where plaintiffs failed to submit wet-ink signatures for several months after the deadline).

Second, the record shows that Plaintiffs' failure to provide fact sheets with responses about their claim information prejudiced ITC. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 4018294, at *2 (E.D. La. Sept. 9, 2011) (holding that the failure to provide basic core information about the claims pursued prejudiced defendants). Finally, the record demonstrates that lesser sanctions would not "serve the best interests of justice" because Plaintiffs ignored numerous orders to respond, ECF Nos. 1005, 1031, 1194, and also failed to file a response to the motion to dismiss. *See Barrera*, 907 F.3d at 236. As the Court noted before, in a matter as large and complex as this one, clearly defined case management procedures are a matter of necessity.

Plaintiffs' Rule 59(e) Motion presents nothing new by way of fact or law, and therefore, it should be denied. *See Patrick*, 2019 WL 12021833, at *1. Further, the Court's judgment should not be disturbed for the seventeen fact sheets submitted after the Report and Recommendation was entered. Even though finally provided,

these fact sheets are still untimely. With litigation as complex and voluminous as this case, the Court must eventually enforce its deadlines or run the risk that its orders setting deadlines will be seen as mere suggestions.[3]

## IV. CONCLUSION

The Court recommends that Plaintiffs' motion be **DENIED**. ECF No. 1457.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on March 6, 2024, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**

---

[3] The Court would also deny Plaintiffs' request that the Court amend its Order Adopting under Rule 60(a) because "[a] Rule 60(a) motion is directed to errors or omissions in the essentially ministerial act of transcribing the court's rendered judgment into writing; it cannot serve to correct errors or omissions in the judicial act of rendering that judgment." *See Buntion v. Quarterman*, No. CV H-04-1328, 2008 WL 11504856, at *1 (S.D. Tex. June 11, 2008) (quoting *Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 671 (2d Cir. 2002)).

9