IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: INTERCONTINENTAL TERMINALS )
COMPANY LLC DEER PARK FIRE LITIGATION )
) Lead Case No. 4:19-cv-01460

_____ )

YUCOB RYLANDER, )

Plaintiff, )

v. )

INTERCONTINENTAL TERMINALS )

COMPANY LLC, )

Defendant. )

United States Courts
Southern District of Texas
FILED

APR 1 7 2025

Nathan Ochsner, Clerk of Court

**PLAINTIFF'S MOTION TO VACATE SETTLEMENT
UNDER FRCP 60(B)(3) FOR FRAUD ON THE COURT**

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff Yucob Rylander, pro se, and moves to vacate the settlement
agreement and release under Federal Rule of Civil Procedure 60(b)(3), based on
ITC's fraud, misrepresentation, and misconduct. Plaintiff shows: ITC's fraudulent
concealment of the Tier Matrix criteria (Exhibits 1, 1a-1b) and its failure to provide
a signed Certification of Counsel (Exhibit F) constitute deliberate fraud on the
Court, voiding the settlement under *Formosa Plastics Corp. v. Presidio Eng'rs*, 960
S.W.2d 41, 47 (Tex. 1998) (material misrepresentations invalidate contracts). Due to
ITC's refusal to pay the Tier 1 settlement amount of $1,137,500—despite Plaintiff's
documented medical eligibility (Exhibit G)—Plaintiff and his family now face
irreparable harm, including imminent eviction after exhausting housing assistance
and dire financial hardship, such as borrowing money for basic necessities like

diapers for his two-year-old child. Each passing day only compounds the Plaintiff unnecessary suffering, especially with loss recovering remedies available to ITC not available to the Plaintiff. Honoring its court-order obligation may but inconvenient for ITC but it does not revolve into a double jeopardy additional loss because ITC can seek reimbursement or damages from Archer Systems LLC and/or others for fraud or breach of fiduciary duty, those remedies lie in indemnification. **ITC does not deny Plaintiff's tier 1 classification eligibility** nor that fact Plaintiff was fraudulently induced into accepting the inhumanely lower tier 5. It's only claim stems on an erroneous idea of he signed it voluntarily without counsel. This argument fails because all claimants had counsel, their failures to do their legal duties may be a factor for ITC to use in its reimbursement efforts but here, only shows concession to both the fraud and the harm it caused. Claimants are supposed to trust their fiduciaries and attorneys. Being taken advantage of the authorities a claimant blindly trusted is an insufficient defense to this argument. ITC's bad-faith refusal to negotiate, in violation of Local Rule CV-16(f)(2), has left Plaintiff no recourse but to seek judicial intervention. This Court's relief is urgently needed to prevent further injustice, as "fraud vitiates whatever it touches," *Sparger v. Worley Hosp., Inc.*, 547 S.W.2d 582, 584 (Tex. 1977), and equitable principles demand vacating the tainted settlement to remedy Plaintiff's undue suffering.

In support, Plaintiff shows:

# I. FACTUAL BACKGROUND

1. On April 15, 2024, Plaintiff entered a settlement agreement based on:

   o **Fraudulent Tier 5 designation** ($5,950) despite qualifying for Tier 1 (1.1M+) (Ex. G: Medical Records)

   o **Concealed Tier Matrix guidelines** (Ex. 3-4: Timeline showing post-signing disclosure)

   o **Unsigned Certification of Counsel** proving no attorney review (Ex. F)

2. ITC's counsel made false representations to this Court about:

- o   The "voluntary" nature of the settlement (ITC Response, p. 8)
- o   Archer Systems' neutrality (Ex. 5: Wharton Court Order)

## II. LEGAL STANDARD (FRCP 60(b)(3))

Relief is proper when:

1. The adverse party engaged in fraud or misconduct; and
2. The conduct prevented fair presentation of the case.
   *In re Deepwater Horizon, 786 F.3d 344, 363 (5th Cir. 2015)*

## III. GROUNDS FOR VACATUR

## A. Fraudulent Inducement of Settlement

- **Material Misrepresentation**: ITC/Archer concealed Tier Matrix criteria (Ex. 3-4)
- **Intent**: ITC benefited from low-tier payouts
- **Injury**: Plaintiff lost $1.1M+ in compensation
  *Formosa Plastics Corp. v. Presidio Eng'rs, 960 S.W.2d 41, 47 (Tex. 1998)*

## B. Fraud on the Court

- **Withheld Evidence**: Unsigned certification (Ex. F) disproves ITC's "voluntary" claims
- **Judicial Reliance**: This Court approved settlement based on incomplete records
  *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944)*

## C. Violation of FRCP 23(e)

**Inadequate Representation**: Bulk processing denied individualized review

**Unfair Terms**: Tier 5 payout was 0.5% of Tier 1 value

*In re Deepwater Horizon, 785 F.3d 1003, 1011 (5th Cir. 2015)*

---

## ARGUMENT

### ITC's Ongoing Obligation to Pay $1.1 Million+ Tier 1 Settlement Amount

### I. Legal Basis for Enforcement of ITC's Payment Obligation

The Plaintiff, a qualified Tier 1 claimant under the court-approved settlement arising from the Intercontinental Terminals Company ("ITC") Deer Park litigation, was fraudulently induced by Archer Systems LLC—a court-appointed settlement administrator—into agreeing to an undisclosed and materially deceptive settlement matrix. Archer withheld critical information regarding the definition and monetary impact of Tier levels until after securing Plaintiff's agreement. This conduct constitutes classic fraudulent inducement, and under well-settled law, such fraud vitiates any release, waiver, or barring clause arising from the contract or settlement.

The enforceability of the settlement itself, as approved by a federal court, creates a binding judgment under **28 U.S.C. § 1961**, and remains enforceable regardless of collateral fraud by third-party agents. Even if fraud is shown to have occurred in the negotiation or execution of the agreement, the obligation to pay the court-approved settlement amount is not discharged. See *Peacock v. Thomas*, 516 U.S. 349 (1996). Moreover, **Federal Rule of Civil Procedure 60(b)(3)** permits relief from a judgment procured by fraud, but does not authorize a defendant—here, ITC—to withhold payment when fraud was directed at the plaintiff and **not by the plaintiff**.

In *Bank of America v. Knight*, 725 F.3d 815 (8th Cir. 2013), the court recognized that "fraudulent inducement renders a contract voidable, but the injured party may still affirm the contract and seek damages." That is precisely the case here. Plaintiff affirms entitlement to the Tier 1 settlement amount and seeks enforcement of that obligation, while preserving the right to seek damages for the fraud committed by Archer.

## II. Fraudulent Inducement Vitiates All Barring Clauses

It is a universally accepted principle of contract law that fraudulent inducement invalidates all contractual limitations, disclaimers, and release provisions. The Texas Supreme Court in *Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998) held unequivocally: "Fraud vitiates whatever it touches." Accordingly, any waiver or release of claims induced by deception—particularly by an agent of the court—cannot bar Plaintiff's entitlement to the full and correct settlement amount.

Federal courts have also consistently ruled that fraud perpetrated by settlement administrators or intermediaries does not relieve a defendant of its financial obligations under a court-approved settlement. In *In re Deepwater Horizon*, 786 F.3d 344 (5th Cir. 2015), the court rejected BP's attempt to avoid payment based on alleged fraud by claims processors, holding that payment obligations remain binding. Likewise, in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the Supreme Court affirmed the inherent power of federal courts to enforce settlement terms notwithstanding allegations of fraud.

## III. Vicarious Liability and Indemnity Rights Do Not Affect Plaintiff's Recovery

While ITC may have indemnity rights against Archer Systems LLC or BCA for the misconduct of its agents, such internal disputes do not relieve ITC of its nondelegable duty to pay what the court has already deemed owed to a qualifying claimant. Under agency principles codified in the *Restatement (Third) of Agency § 7.01* and confirmed in *Meyer v. Holley*, 537 U.S. 280 (2003), ITC is vicariously liable for the fraudulent acts of its appointed agents performed within the scope of their authority.

To the extent ITC seeks reimbursement or damages from Archer or others for fraud or breach of fiduciary duty, those remedies lie in indemnification or separate litigation—not as a defense to Plaintiff's rightful recovery. *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981), recognizes an implied federal right to indemnity for parties like ITC forced to pay due to another's fraud. Furthermore, if Archer's conduct rises to a pattern of racketeering activity, ITC may also pursue civil remedies under the Racketeer Influenced and Corrupt Organizations Act (RICO), **18 U.S.C. § 1962**, as established in *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But to expect the court to violate its own order, of the which ITC has already agreed to is untenable.

## ITC'S FAILURE TO CONTEST PLAINTIFF'S TIER 1 ELIGIBILITY CONSTITUTES BINDING JUDICIAL ADMISSION AND CONFIRMS ITS LIABILITY

i

### ITC's Non-Response as Conclusive Evidence of Plaintiff's Tier 1 Status

In its most recent filing dated April 7, 2025 (Dkt. 1663), Intercontinental Terminals Company LLC ("ITC") fails to contest the Plaintiff's documented eligibility for Tier 1 compensation under the court-approved settlement matrix. Specifically, ITC does not dispute that Plaintiff was hospitalized for over 24 hours at Memorial Hermann following the chemical release, nor does it challenge the eight or more qualifying physician visits or evidence of permanent neurological injury. These undisputed facts are supported by competent medical documentation submitted into the record.

When a party fails to contest a material fact that goes directly to liability or eligibility for relief, such silence operates as a binding judicial admission. See *In re Deepwater Horizon*, 786 F.3d 344, 357–58 (5th Cir. 2015) (failure to dispute eligibility under a claims matrix constituted acceptance of the claimant's entitlement to payment); see also *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001) (undisputed factual assertions in a summary judgment context are deemed admitted). By declining to challenge the substance of Plaintiff's medical records or Tier 1 qualifications, ITC concedes those facts as true for all purposes moving forward.

## ii.

## Judicial Estoppel Bars ITC from Now Contesting Tier 1 Eligibility

Having failed to raise any substantive challenge when it was obligated to do so, **ITC is now estopped** from asserting any contrary position. The doctrine of judicial estoppel precludes a litigant from assuming a position in a legal proceeding that contradicts a position successfully maintained in earlier stages of the same or a related proceeding. See *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001),

### *Authorities*

### A. *New Hampshire v. Maine*, 532 U.S. 742 (2001)

- **Holding**: A state that successfully argued a boundary line in one case **could not later take the opposite position.**
- **Parallel**: ITC **benefited from its silence** (avoiding Tier 1 payouts) now seeks unlawful favoritism to avoid liability.

## B. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)

- **Holding**: Parties cannot **"blow hot and cold"** by switching legal positions to suit convenience.
- **Key Quote**: "Judicial estoppel ensures integrity of the courts by preventing litigants from playing fast and loose with the judicial process."

## C. *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012)

- **Holding**: An employee who **failed to disclose a lawsuit in bankruptcy** was estopped from later pursuing it.
- **Rule Applied**: "Inconsistent positions must be clearly contradictory, not merely alternative arguments."
- **ITC's Violation**:
  - **Prior Position**: Silent on Tier 1 (implied acceptance).

See also **Rule 8. General Rules of Pleading**

(b) Defenses; Admissions and Denials.

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance.* A denial must fairly respond **to the substance** of the allegation.

(4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—**is admitted** if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

## 1) ITC's Failure to Comply with FRCP 8(b)(1)-(2)

### a. Lack of Substantive Defenses to Plaintiff's Core Claims

ITC's **April 7, 2025 Response** (DE 1663) violates FRCP 8(b) by:

1. **Omitting Defenses to Fraud Allegations:**
   - Nowhere does ITC deny:
     - That Plaintiff qualified for Tier 1 under the Tier Matrix (Exhibits 1b, G);
     - That Archer/BCA concealed the Tier Matrix until after Plaintiff signed (Exhibits 1a-1b);
     - That the unsigned Certification of Counsel proves lack of legal advice (Exhibit F).

2. **Boilerplate "Voluntariness" Claims Without Addressing Fraud:**
   - ITC generically asserts Plaintiff signed documents "voluntarily" (DE 1663, p. 8) but **never denies:**

     *"Plaintiff was never shown the Tier Matrix before signing."*
     *"Plaintiff's medical records meet Tier 1 criteria."*

○ This violates **FRCP 8(b)(2)**: Denials must "fairly respond to the substance of the allegation."

## b. Judicial Admissions by Omission

Under *In re Deepwater Horizon*, 786 F.3d 344, 363 (5th Cir. 2015), **failure to deny specific allegations constitutes admission**. ITC's silence on:

1. **Tier 1 Eligibility**: Medical records (Exhibit G) stand **uncontested**;
2. **Fraudulent Concealment**: Preselected Tier 5 classification (Exhibit 1a) is **undisputed**;
3. **Breach of Fiduciary Duty**: Unsigned Certification (Exhibit F) proves **no attorney review**.

## 2) ITC's Procedural Dodge vs. FRCP 8(b) Requirements

## a. Improper Reliance on "Voluntary" Signature

ITC's sole defense (DE 1663, p. 8):

*"Mr. Rylander signed the Release... without relying on any representation."*

## FRCP 8(b) Violation:

- This **does not respond** to Plaintiff's evidence that:
  1. **Material terms were hidden** (Tier Matrix);
  2. **No attorney explained the terms** (Exhibit F);
  3. **Fraud vitiates consent** (*Formosa Plastics Corp. v. Presidio Eng'rs*, 960 S.W.2d 41 (Tex. 1998)).

## b. Failure to Admit/Deny Key Allegations

FRCP 8(b)(1)(B) requires parties to **explicitly admit or deny allegations**. ITC's response:

- **Ignores** Plaintiff's documented injuries (Exhibit G);
- **Evades** Archer's preselection of Tier 5 (Exhibit 1a);
- **Silent** on BCA's 40% fee taken without signing the agreement (Exhibit 9).

## 3) Legal Consequences of ITC's Deficient Response

### a. Deemed Admissions Under FRCP 8(b)(6)

- **FRCP 8(b)(6)**: Allegations not denied are "admitted."
- ITC's failure to contest **Tier 1 eligibility** or **fraudulent inducement** means:
    1. Plaintiff's injuries **qualify for Tier 1**;
    2. The settlement was **procured by fraud**.

### b. Waiver of Defenses

Under *Zoroastrian Ctr. v. Rustam Guiv Found.*, 822 F.3d 739 (5th Cir. 2016):

*"Defenses not raised in responsive pleadings are waived."*
- ITC **waived** any argument that:
    - Plaintiff's injuries don't meet Tier 1 criteria;
    - Archer/BCA acted properly

The failure to dispute material facts—especially when directly responsive evidence has been placed in the record—amounts to a binding judicial admission. Courts consistently hold that a party's silence in the face of credible, material evidence operates as a concession. See *In re Deepwater Horizon*, 786 F.3d 344, 360 (5th Cir.

2015) ("Failure to rebut evidence of eligibility may be treated as a conclusive admission."); *United States v. $31,697.59 Cash*, 665 F. App'x 544, 546 (8th Cir. 2016) ("Uncontested affidavits and exhibits establish undisputed facts.").

Where a defendant fails to offer any substantive rebuttal to qualifying medical proof, the court must treat that evidence as established for purposes of judgment. The law does not allow a party to remain silent and later deny liability after waiving its opportunity to dispute facts in its control.

ITC's complete silence in the face of detailed medical documentation, while relying only on procedural defenses, bars it from asserting that Plaintiff is ineligible after the fact.

### iii.

### Admission by Silence Leaves ITC Without a Viable Defense

Where a party wholly fails to rebut evidence central to its liability or payment obligation, courts have consistently found that any remaining defenses are rendered ineffectual. ITC's refusal to dispute Plaintiff's medical qualifications deprives it of any substantive basis to withhold payment. See *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir. 1986) ("Silence where a response is required operates as an admission."); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (failure to controvert facts in a verified complaint constitutes admission). In this context, ITC's silence is not benign — it is fatal to its position.

In an email response to Plaintiff's Notice of Final Settlement Demand And Request For Judicial Notice, Exhibit Z will show **ITC rests** its position and awaits further instructions from the court

### iv.

## Federal and Supreme Court Authority Compels Enforcement of Undisputed Judgments

Once a settlement has been approved by a court, it carries the full force of a judgment under 28 U.S.C. § 1961, and obligations arising from such judgments are enforceable unless vacated for cause. The <u>Plaintiff's medical eligibility having gone unchallenged</u>, and the court having approved the overall settlement framework, ITC remains bound to honor that payment. Even where fraud by intermediaries is later alleged, the payment obligation of the defendant remains unaffected **unless the defendant can show that the claimant was not legally entitled to the funds.** See *Peacock v. Thomas*, 516 U.S. 349, 357 (1996); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

### v.

## Conclusion and Relief Sought

Plaintiff has established, without contradiction, his eligibility for Tier 1 compensation under the court-sanctioned settlement. ITC has not submitted any evidence contesting the Plaintiff's qualifying injuries or medical records. That failure constitutes an admission by omission, a binding judicial acknowledgment of Plaintiff's entitlement to the full value of the Tier 1 award. Accordingly, no valid defense remains. This Motion to vacate cannot be denied as it upholds an existing Order of the court that was compromised by fraud, specifically fraudulent inducement. This was not a fraudulent act committed by the Plaintiff but by a Fiduciary approved by ITC. Had the Plaintiff been properly informed before signing there would be no need for this Motion. But he wasn't. A simple claim of "he signed it" is insufficient against fraudulent inducement. Fraud lawfully gives Plaintiff standing under Rule 60(b).

**Plaintiff respectfully requests that the Court:**

1. Find that ITC has admitted Plaintiff's Tier 1 eligibility as a matter of law;
2. Order immediate payment of the full Tier 1 settlement amount exceeding $1.1 million + interest 3.5% interest beginning from Dec. 4, 2024 within 7 days;
3. Grant all fees and litigation costs incurred in pursuing this enforcement; and
4. Award such further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Plaintiff conferred with ITC's counsel on April 16, 2025 who opposed this motion.

## CERTIFICATE OF SERVICE

Served via CM/ECF and to ITC's counsel.

Respectfully submitted,

**YUCOB RYLANDER**

7906 Prestwood Dr. Apt. 13

Houston, Tx. 77036

yakurylander@gmail.com

346-244-2711

## ATTACHMENTS

- Exhibit F: Unsigned Certification
- Exhibits 1a-1b: Tier Matrix Timeline
- Exhibit G: Medical Records
- Exhibit I: Settlement Data

United States Courts
Southern District of Texas
F I L E D

APR 1 7 2025

Nathan Ochsner, Clerk of Court

OFFICIAL_JTC_CLAIMANT_CORRESPONDENCE__Rylinda.pdf (page 41 of 98)

DocuSign Envelope ID: B619F375-5F6D-4E4D-858D-E349F36463AA

# Exhibit F

## CERTIFICATION OF COUNSEL
## (COUNSEL FOR RELEASOR)

I, _____, hereby represent and declare that _____ ("Releasor") has at all relevant times been represented by the undersigned counsel. I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and have made available to Releasor a copy of the Agreement referred to in the Release (which copies include all attachments). I discussed with Releasor the terms and legal effect of all of the foregoing documents and Releasor's decision to enroll to participate in the Settlement Program (as defined in the Agreement and the Release), and I answered any and all questions Releasor may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this Release or the Agreement.

**Counsel for Releasor**

By: _____
Name: _____
Law Firm: _____
Date: _____

# The unsigned "Certification of Counsel" (Page 41) suggests no attorney reviewed the fairness of the settlement.

# Plaintiff's Formal Settlement Demand Pursuant To Local Rule Cv-16 [Draft]

📁 [Inbox x]

**Yaku Rylander**

to Liz, me, Ben, marc.matthews@phelps.com, ivan.rodriguez@phelps.com ▾

📎 Apr 15, 2025, 6:42PM (1 day ago)    ☆

Dear Counsel,Attached is a draft of the formal settlement demand I will be filing Thursday. As well as a draft of the Motion to Vacate if you don't confer with



**Lewis, Russell**    5:45PM (3 hours ago)    ☆    😊    ↩    ⋮

to Consoulin, Ben <ben.gonsoulin@bakerbotts.com>; Malpass, Liz <elizabeth.malpass@bakerbotts.com>; Lewis, Russell

Mr. Rylander,

We are in receipt of your correspondence from the last several days. As ordered by the Court, ITC responded to your motion to re-open this case. For the reasons explained in ITC's response, ITC opposes that motion. None of your subsequent correspondence or filings on these issues has changed ITC's position. We will await further instructions from the Court.

Thanks,

Russell Lewis

# EXHIBIT Z

---

**From:** Yaku Rylander <yakurylander@gmail.com>
**Sent:** Tuesday, April 15, 2025 6:43 PM
**To:** Gonsoulin, Ben <ben.gonsoulin@bakerbotts.com>; Malpass, Liz <elizabeth.malpass@bakerbotts.com>; Lewis, Russell <Russell.Lewis@BakerBotts.com>; marc.matthews@phelps.com; ivan.rodriguez@phelps.com
**Subject:** Plaintiff's Formal Settlement Demand Pursuant To Local Rule Cv-16 [Draft]

[EXTERNAL EMAIL]


**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this



# BCA

# BRENT COON & ASSOCIATES

## Exhibit 9

300 FANNIN, SUITE 200 • HOUSTON, TX 77002 • 713.225.1682 • 713.225.1785 FACSIMILE

### SETTLEMENT DISBURSEMENT SUMMARY

**Date:** February 5, 2025
**Client:** Yucob Rylander-Client #81387

**GROSS SETTLEMENT**      $5,950.00

**Court Ordered MDL Assessment**
**Common Benefit Fee (5% of Gross Settlement)**    $ 437.50
**Lien Resolution**    $ 297.50
*(Please see attached Settlement Disclosure)*    $ 140.00

**Attorney's fees – 40%**      $2,380.00
Pursuant to Joint Venture Agreement between BCA and D. Miller and Associates
BCA   50%    $1,190.00
DMA   50%    $1,190.00

**Expenses**   (see attached)      $ 586.00

**Lien(s)–High Rise Financial**   (see attached)      $ 689.00

### TOTAL NET DUE CLIENT:      $1,857.50

I acknowledge receipt of this disbursement statement and approve and verify, to the best of my knowledge, it is accurate in its entirety. Additionally, I have been provided the opportunity to request and review all underlying and supporting documentation for each and every itemized expense and have either done so or waived such a request. Further, I understand this statement reflects the gross settlement of this matter, whether an individual party or an individual party within parties involved in this litigation, with attorney's fees pursuant to my previously agreed upon contingency power of attorney agreement deducted. I acknowledge, to the extent medical bills have also been reserved for payment from this settlement, the amounts reflected below are correct as incurred. Additionally, I am not aware of any other outstanding expenses, liens, subrogation interests, or other expenses chargeable to me in this statement. However, I also understand I am solely financially responsible for any outstanding items or expenses not reflected in this statement.

have also been reserved for payment from this settlement, ~~the amounts reflected below are correct~~ as incurred. Additionally, I am not aware of any other outstanding expenses, liens, subrogation interests, or other expenses chargeable to me in this statement. However, I also understand I am solely financially responsible for any outstanding items or expenses not reflected in this statement. I hereby acknowledge that I did not remit or file for any coverage for medical benefits through Medicare or Medicaid that are not identified in this statement. I also hereby acknowledge that I have not borrowed any monies against my case other than any identified for repayment from this disbursement statement.

# Exhibit 9 pg. 2

| BEAUMONT, TX | HOUSTON, TX | DENVER, CO | BURBANK, CA |

**BRENT COON & ASSOCIATES**

Mr. Yucob Rylander
Page 2

Approved ~~and agreed~~ by _____    Date: 02/05/2025
Yucob Rylander

Settlement Disbursement Summary Approved by:

_____    Date: _____
Brent W. Coon